**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Nina Y. Wang**

Civil Action No. 22-cv-01866-NYW-SKC

BENJAMIN GATES,
TRAVIS SCHWARTZ, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.,

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado,

    Defendant.

## ORDER TO SHOW CAUSE

This matter is before the court on Plaintiffs Benjamin Gates, Travis Schwartz, and National Foundation for Gun Rights, Inc.'s (collectively, "Plaintiffs") Motion for Temporary Restraining Order and for Preliminary Injunction ("TRO Motion"), [Doc. 9, filed August 2, 2022].

### BACKGROUND

Plaintiffs initiated this action on July 28, 2022 by filing a Complaint, *see* [Doc. 1], wherein they seek to challenge the constitutionality of Colo. Rev. Stat. § 18-12-301 *et seq.* [*Id.* at ¶ 10]. In the TRO Motion, Plaintiffs request that the court enter both a temporary restraining order (or "TRO") enjoining the State from enforcing Colo. Rev. Stat. § 18-12-301 *et seq.*, as well as a preliminary injunction. [Doc. 9 at 1–2]. Plaintiffs conclude the TRO Motion by stating, "[s]hould the Court determine that a hearing regarding the motion for TRO would be useful, Plaintiffs request such a hearing at the earliest possible time. Plaintiffs request a hearing on their motion for preliminary injunction." [*Id.* at 10].

On August 3, 2022, Defendant Jared S. Polis ("Governor Polis" or "Defendant") filed a "Notice of Failure to Confer and Opposition to Plaintiff's Motion for Temporary Restraining Order and for Preliminary Injunction." [Doc. 13]. While he opposed "all of the relief requested by the Motion," Defendant did not substantively address the issues. *See* [*id.*]. On August 22, 2022, the Parties jointly moved to set a briefing schedule and dates for a preliminary injunction hearing. *See* [Doc. 16 ("Motion to Set Briefing Schedule")]. The motion appeared to request a briefing schedule only with respect to the portion of the TRO Motion seeking a preliminary injunction, as the Parties did not mention the TRO at all. *See* [*id.*]. The Court granted the Motion to Set Briefing Schedule on August 24, 2022, thus setting a two-day evidentiary hearing for November 17 and 18, 2022. *See* [Doc. 18].

## LEGAL STANDARD

Federal Rule of Civil Procedure 65 authorizes the court to enter preliminary injunctions and issue temporary restraining orders. Fed. R. Civ. P. 65(a), (b). "When the opposing party actually receives notice of the application for a restraining order, the procedure that is followed does not differ functionally from that on an application for a preliminary injunction and the proceeding is not subject to any special requirements." 11A Charles Alan Wright & Arthur R. Miller, *Federal Practice and Procedure: Civil* § 2951 (3d ed.).

A party seeking a temporary restraining order must satisfy four factors: (1) a substantial likelihood of prevailing on the merits; (2) irreparable harm unless the injunction is issued; (3) that the threatened injury outweighs the harm that the preliminary injunction may cause the opposing party; and (4) that the injunction, if issued, will not adversely affect the public interest." *Dine Citizens Against Ruining Our Env't v. Jewell*, 839 F.3d 1276, 1281 (10th Cir. 2016). The third and fourth factors—harm to the opposing party and the public interest—merge when the

2

government is the opposing party. *See Aposhian v. Barr*, 958 F.3d 969, 991 (10th Cir. 2020) (citing *Nken v. Holder*, 556 U.S. 418, 435 (2009)). The Tenth Circuit has adopted a liberal definition of "probability of success." Thus, "where the moving party has established that the three 'harm' factors tip *decidedly* in its favor, the 'probability of success requirement' is somewhat relaxed." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1189 (10th Cir. 2003).

Nevertheless, courts view the following types of injunctions with disfavor: (1) preliminary injunctions that alter the status quo;[1] (2) preliminary injunctions that require the nonmoving party to take affirmative action ("mandatory preliminary injunctions"); and (3) preliminary injunctions that give the movant all the relief it would be entitled to if it prevailed in a full trial. *RoDa Drilling*, 552 F.3d at 1208 (citing *O Centro Espirita Beneficiente Uniao Do Vegetal v. Ashcroft*, 389 F.3d 973, 975 (10th Cir. 2004) (per curiam), *affirmed,* 546 U.S. 418 (2006)).

As explained below, Plaintiffs' TRO Motion falls into the first category of disfavored injunctions. A movant who seeks a disfavored injunction must meet a higher standard and demonstrate a *substantial* likelihood of success on the merits, as well as a heightened showing of the other three elements. *Id.* (citing *O Centro*, 389 F.3d at 980).[2] *See also Fundamentalist Church of Jesus Christ of Latter-Day Saints v. Horne*, 698 F.3d 1295, 1301 (10th Cir. 2012) (the movant

---

[1] "Status quo" is defined as the last uncontested status between the parties that preceded the controversy until the outcome of the final hearing. *See Schrier v. Univ. of Colo.*, 427 F.3d 1253, 1260 (10th Cir. 2005).

[2] *Cf. Walmer v. United States Dep't of Defense*, 52 F.3d 851, 854 (10th Cir. 1995) (holding, under a "modified likelihood of success" requirement, if the movant has satisfied his or her burden with respect to the irreparable injury, balance of equities, and public interest factors, "the movant may establish likelihood of success by showing questions going to the merits so serious, substantial, difficult and doubtful, as to make the issues ripe for litigation and deserving of more deliberate investigation"); *Colorado Rail Passenger Ass'n v. Federal Transit Admin.*, Nos. 09-cv-01135-REB, 10-cv-00462-REB, 2010 WL 749790 (D. Colo. Mar. 3, 2010) ("'assuming' the *Walmer* standard is still viable . . .").

must show that the factors "weigh heavily and compellingly" in his or her favor). The court may grant a disfavored injunction only if the moving party demonstrates that the "exigencies of the case require extraordinary interim relief," and satisfies the heightened burden. *RoDa Drilling*, 552 F.3d at 1209 (citing *O Centro*, 389 F.3d at 978). Further, given the extraordinary nature of temporary restraining orders, a plaintiff must demonstrate a right to relief that is "clear and unequivocal." *Planned Parenthood of Kansas v. Andersen*, 882 F.3d 1205, 1223 (10th Cir. 2018). A temporary restraining order may issue without notice to the opposing party, but its duration is limited to fourteen days unless extended for good cause or the adverse party agrees to an extension. Fed. R. Civ. P. 65(b)(2).

## ANALYSIS

As mentioned, in the instant TRO Motion, Plaintiffs seek a TRO to enjoin the State's enforcement of Colo. Rev. Stat. § 18-12-301 *et seq*. *See* [Doc. 9]. "The primary difference between a TRO and a preliminary injunction is that a TRO may issue without notice to the opposing party and that a TRO is of limited duration." *Guidance Endodontics, LLC v. Dentsply Int'l, Inc.*, 633 F. Supp. 2d 1257, 1267 (D.N.M. 2008). Here, Defendant has notice of the TRO Motion, and indeed, the Parties have proposed, and this Court has entered, a briefing schedule with respect to the request for preliminary injunction. *See* [Doc. 16; Doc. 18].

Nevertheless, for the sake of completeness, this Court addresses Plaintiffs' argument in the TRO Motion that they have sufficiently established "all of the elements for issuance of a TRO" in this case. [Doc. 9 at 6]. Based on the record before it, this Court respectfully disagrees. The Colorado statute at issue went into effect in 2013. *See Colo. Outfitters Ass'n v. Hickenlooper*, 823 F.3d 537, 542 (10th Cir. 2016) ("Colo.Rev.Stat. § 18-12-302 became effective on July 1, 2013."). Thus, in light of the above legal standard, it is apparent that Plaintiffs seek a disfavored injunction

4

that would significantly alter the status quo, given that the statute has been in effect for nearly a decade. Indeed, Plaintiffs' Complaint points to other prior challenges to this law from as early as 2014. *See* [Doc. 1 at ¶¶ 12–13]. It is therefore unclear what exigent circumstances exist in this case that require the extraordinary interim relief of entering a TRO between now and the final adjudication of the preliminary injunction.

Plaintiffs assert that Colo. Rev. Stat. § 18-12-301 *et seq.* "is similar to a magazine ban that was made subject to a restraining order by this Court" in July 2022 in the case *Rocky Mountain Gun Owners v. Town of Superior* ("*Superior* case") [*Id.* at 9]. Plaintiffs insist that this Court should enter a TRO "[f]or the reasons set forth in Judge Moore's well-reasoned opinion in" the *Superior* case. [*Id.*]. Plaintiffs fail to point out, however, that the town's ordinance at issue in the *Superior* case went into effect on July 1, 2022. *See* TRO at 2, *Rocky Mountain Gun Owners*, No. 22-cv-1685-RM-NRN (D. Colo. July 22, 2022), [ECF No. 18].[3] The plaintiffs in that case filed their complaint and a motion for temporary restraining order and preliminary injunction less than two weeks after the ordinance went into effect. *See* [ECF No. 1 (filed July 7, 2022); ECF No. 11 (filed July 13, 2022)]. Similarly, in *Rocky Mountain Gun Owners v. Board of County Commissioners of Boulder County*, No. 22-cv-02113-CNS-MEH (D. Colo. Aug. 30, 2022), [ECF No. 15], the plaintiffs filed suit on August 18, 2022, challenging Boulder County Ordinance No. 2022-5 that was adopted on August 2, 2022. *See* [ECF No. 15 at 1]. Here, on the other hand, Colo. Rev. Stat. § 18-12-301 *et seq.* went into effect on July 1, 2013, has been subject to other challenges, and Plaintiffs did not file suit until July 28, 2022.

---

[3] Where the court refers to the filings made in Electronic Case Filing ("ECF") system in this action, it uses the convention [Doc. ___]. When the court refers to the ECF docket number for a different action, it uses the convention [ECF No. ___]. In either case, the court identifies the page number as assigned by the ECF system.

Finally, as noted above, the Parties fail to make any distinction between their request for a temporary restraining order and for a preliminary injunction in their Motion to Set Briefing Schedule.[4]

For the foregoing reasons, **IT IS ORDERED** that:

(1) Plaintiffs shall **SHOW CAUSE**, on or before **September 9, 2022**, as to why the Court should not deny Plaintiffs' request for a temporary restraining order, reserving all issues and arguments for the upcoming evidentiary hearing on their request for a preliminary injunction.[5]

**In so ordering, this Court does not pass on the substantive merits of the TRO Motion.**

DATED: September 1, 2022

BY THE COURT:

*Nina Y. Wang* (signature)

Nina Y. Wang
United States District Judge

---

[4] Indeed, the Parties even shorten the title of Plaintiffs' Motion for Temporary Restraining Order and Preliminary Injunction to a "PI Motion." [Doc. 16 at 1].

[5] The Parties are advised that this Order to Show Cause does not affect the briefing schedule or two-day evidentiary hearing on Plaintiffs' request for a preliminary injunction.