**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 1:22-CV-1866-NYW-SKC

BENJAMIN GATES,
TRAVIS SWARTZ, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado,

    Defendant.

## THE GOVERNOR'S MOTION FOR RULING THAT FACT STIPULATIONS FROM PREVIOUS CASES ARE NOT BINDING

    The Governor and his predecessor faced challenges to Colorado's large capacity magazine (LCM) Ban in two previous cases: (1) *Colorado Outfitters Association, et al. v. Hickenlooper*, No. 13-cv-01300-MSK-MJW, 24 F. Supp. 3d 1050 (D. Colo. 2014), *vacated and remanded*, 823 F.3d 537 (10th Cir. 2016) (collectively, "*Colorado Outfitters*"), and (2) *Rocky Mountain Gun Owners, et al. v. Hickenlooper*, No. 2013CV33879, 2017 WL 4169712 (Denver Dist. Ct. July 28, 2017), *aff'd*, 472 P.3d 10 (Colo. App. 2018), *aff'd sub nom. Rocky Mountain Gun Owners, et al. v. Polis*, 467 P.3d 314 (Colo. 2020) (collectively, "*Rocky Mountain Gun Owners*").

    In both cases, the parties entered into stipulations concerning particular facts relevant to each case. *See* Proposed Final Pretrial Order, *Colorado Outfitters Association v. Hickenlooper, et*

*al.*, No. 13-cv-01300-MSK-MJW [ECF # 119 at 18–27] (Jan. 13, 2014) (Attachment A)[1]; Exhibit 82, *Rocky Mountain Gun Owners, et al. v. Hickenlooper*, No. 2013CV33879 (May 2, 2017) (Attachment C).

Plaintiffs cite these stipulations from 2014 and 2017, respectively, in both their Complaint and Motion for Temporary Restraining Order and for Preliminary Injunction. Compl. [# 1, ¶¶ 12, 13]; Motion for Preliminary Injunction[2] [# 9 at 2–4].[3] Based on the Complaint and Motion for Preliminary Injunction, it appears that Plaintiffs intend to rely on the stipulations from *Colorado Outfitters* and *Rocky Mountain Gun Owners*.

However, under Tenth Circuit precedent, the stipulations from those cases are not binding here. Therefore, the Governor moves this Court to issue an order declaring that the stipulations from *Colorado Outfitters* and *Rocky Mountain Gun Owners* are not binding on either party,

---

[1] The parties in *Colorado Outfitters* also submitted a stand-alone set of stipulations at the preliminary injunction phase. *See* Stipulation of Undisputed Facts, *Cooke, et al. v. Hickenlooper*, No. 13-cv-01300-MSK-MJW [# 53 at 1–4] (July 8, 2013) (Attachment B). It is likely that the preliminary injunction stipulations were superseded by the stipulations contained in the Pretrial Order. *See Washington v. Unified Gov. of Wyandotte Cnty., Kan.*, 847 F.3d 1192, 1202 (10th Cir. 2017) ("The pre-trial order . . . becomes the governing pattern of the lawsuit." (internal quotation marks omitted)). But as discussed below, even if the preliminary injunction phase stipulations were not superseded, they are not binding here. *See infra* n.4.

[2] Plaintiffs subsequently withdrew their motion for a temporary restraining order. Withdrawal of Motion for Temporary Restraining Order [# 22].

[3] For the *Rocky Mountain Gun Owners* stipulations, Plaintiffs' Complaint and Motion for Preliminary Injunction refer to the stipulations from the Proposed Trial Management Order in that case. *See* Compl. [# 1, ¶ 13]; Motion for Preliminary Injunction [# 9 at 3–4]. However, during the *Rocky Mountain Gun Owners* trial, the parties withdrew the stipulations from the Proposed Trial Management Order and replaced them with new stipulations, introduced as Exhibit 82. *See* Transcript, May 2, 2017, at 176:17–177:12, *Rocky Mountain Gun Owners, et al. v. Hickenlooper*, No. 2013CV33897 (Attachment D).

including at the preliminary injunction stage. Such an order will give the parties clarity in advance of the preliminary injunction hearing.

## CERTIFICATE OF CONFERRAL

Pursuant to D.C.Colo.LCivR 7.1(a), counsel for the Governor conferred with counsel for Plaintiffs regarding the relief requested in this motion. Plaintiffs' counsel indicated, based on the conferral, that Plaintiffs oppose the requested relief.

## ARGUMENT

The stipulations from *Colorado Outfitters* and *Rocky Mountain Gun Owners* are not binding in this case because the parties in those previous cases did not show an affirmative intent to make the stipulations binding in future litigation. Additionally, the *Colorado Outfitters* stipulations are not binding because: (1) the Tenth Circuit ultimately decided that the plaintiffs did not having standing and vacated the district court's order; and (2) the Supreme Court recently announced a new standard for Second Amendment claims. And the *Rocky Mountain Gun Owners* stipulations are not binding here because the Colorado Supreme Court decided that case under the Colorado Constitution, not the federal Constitution.

**I.  Because the parties in *Colorado Outfitters* and *Rocky Mountain Gun Owners* did not intend for the stipulations in those cases to be binding in future litigation, those stipulations are not binding here.**

Whether stipulations from prior litigation apply in a new case is a matter of issue preclusion. *United States v. Botefuhr*, 309 F.3d 1263, 1282 (10th Cir. 2002). "Four elements must be demonstrated to trigger issue preclusion," including, and relevant here, whether "the prior action has been fully adjudicated on the merits." *Id.* (internal quotation marks omitted). The Tenth Circuit relies on the Restatement (Second) of Judgments for the applicable legal standard.

3

*See id.*; *see also Pompa v. Am. Family Mut. Ins. Co.*, 520 F.3d 1139, 1144 (10th Cir. 2008). The Second Restatement provides:

> A judgment is not conclusive in a subsequent action as to issues which might have been but were not litigated and determined in the prior action.
>
> \* \* \*
>
> An issue is not actually litigated . . . if it is the subject of a stipulation between the parties. A stipulation may, however, be binding in a subsequent action between the parties if the parties have manifested an intention to that effect.

Restatement (Second) of Judgments, § 27, cmt. e (1982).

Thus, "'[g]enerally speaking, when a particular fact is established not by judicial resolution but by stipulation of the parties, that fact has not been "actually litigated" and thus is not a proper candidate for issue preclusion.'" *Botefuhr*, 309 F.3d at 1282 (quoting *Otherson v. Dep't of Justice, I.N.S.*, 711 F.2d 267, 274 (D.C. Cir. 1983)). "This is particularly so when the stipulation does not 'manifest an intent to be bound in a subsequent action.'" *Id.* (quoting *Red Lake Band v. United States*, 607 F.2d 930, 934 (Cl. Ct. 1979)).

The party seeking to make previous stipulations binding in a new case has the burden of showing that the parties in the previous litigation manifested such an intent. *See United States v. Kasler Elec. Co., Inc.*, 123 F.3d 341, 349 n.13 (6th Cir. 1997); *see also Valley Imp. Ass'n, Inc. v. U.S. Fidelity & Guar. Corp.*, 129 F.3d 1108, 1120 (10th Cir. 1997) ("[T]he party claiming the benefit of the doctrine of issue preclusion . . . ha[s] the burden of establishing all facts necessary for its application.").

To use the previous stipulations to bind the parties here, Plaintiffs would bear the burden of proving that the parties in the past cases manifested an intent for the stipulations to be binding in this litigation. Plaintiffs cannot make such a showing.

4

In *Colorado Outfitters*, nowhere in the Proposed Pretrial Order (Attachment A) did the parties manifest an intent for the stipulations to bind any party in future litigation.[4] Similarly, in *Rocky Mountain Gun Owners*, the final stipulations, submitted as Exhibit 82 (Attachment C), do not state that the stipulations should be binding in future litigation. And the parties' discussion of submitting Exhibit 82 as evidence also shows no such intent. *See* Attachment D. Therefore, the presumptive rule from the Second Restatement—that stipulations from past cases are not binding in a future case—should apply here.

**II.     Because the *Colorado Outfitters* plaintiffs lacked standing, because *Bruen* announced a new legal framework for Second Amendment challenges, and because *Rocky Mountain Gun Owners* was decided under the Colorado Constitution, the previous stipulations are not binding here.**

First, with regard to *Colorado Outfitters*, that the Tenth Circuit ultimately vacated the district court's judgment for lack of standing is an additional reason why those stipulations should not be binding here. Standing is a "threshold question in every federal case," *Warth v. Seldin*, 422 U.S. 490, 498 (1975), and a "jurisdictional mandate," *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1216 (10th Cir. 2016). When a court concludes that it lacks jurisdiction, it "do[es] not reach the merits." *Wyodak Res. Dev. Corp. v. United States*, 637 F.3d 1127, 1130 (10th Cir. 2011). And where, as here, an appellate court vacates the district court's judgment, that "decision to . . . direct the district court to vacate its judgment removes the preclusive effect (if any) of the vacated judgment[]." *Boyce v. Ashcroft*, 268 F.3d 953, 955 (10th Cir. 2001) (order on petition for rehearing); *see also Bryan v. BellSouth Comms., Inc.*, 492 F.3d 231, 241 (4th Cir.

---

[4] And the Stipulation of Undisputed Facts, from the preliminary injunction phase (Attachment B) also shows no such intent.

2007) ("To say that when an order is vacated it is as if the order never existed is a convenient way of describing the effect of the vacatur.").

In the context of past stipulations, a stipulation from a previous case is not "conclusive" when the court in the previous case "granted a motion to dismiss for lack of jurisdiction and therefore did not actually decide any fact." *Kasler*, 123 F.3d at 349 & n.13 (relying on the Second Restatement rule). In *Colorado Outfitters*, the Tenth Circuit determined that "the plaintiffs failed to carry their burden of establishing Article III standing," which meant that the "district court lacked jurisdiction to consider their claims." *Colorado Outfitters*, 823 F.3d at 554. In turn, the Tenth Circuit "vacate[d] the district court's order" and "remand[ed] with directions to dismiss the action for lack of jurisdiction." *Id.* at 555. Therefore, even though the district court decided the merits of the plaintiffs' Second Amendment claims, *see Colorado Outfitters*, 24 F. Supp. 3d at 1064–76, the Tenth Circuit's vacatur "remove[d] the preclusive effect . . . of the vacated judgment[]," *Boyce*, 268 F.3d at 955. Because the district court lacked jurisdiction to even consider the merits of the plaintiffs' claims, that court did not have authority to decide any factual issues, including those that relied on the parties' stipulations. Thus, those stipulations cannot be binding here because the facts were not "fully adjudicated on the merits." *Botefuhr*, 309 F.3d at 1282 (internal quotation marks omitted).

Second, also pertaining to *Colorado Outfitters*, the Supreme Court's decision in *New York State Rifle & Pistol Association, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), means that the past stipulations are not binding. Per the Second Restatement, issue preclusion is not appropriate when "a new determination is warranted in order to take account of an intervening change in the applicable legal context." Restatement (Second) of Judgments, § 28(2)(b) (1982). In *Bruen*, the

Supreme Court "decline[d] to adopt the two-part approach" that the Courts of Appeals had been using. *Bruen*, 142 S. Ct. at 2126. But the district court in *Colorado Outfitters* had used that "two-step approach," which the Tenth Circuit had adopted at the time. *Colorado Outfitters*, 24 F. Supp. 3d at 1065–1076. The district court did not use *Bruen*'s "text and history" standard. *Bruen*, 142 S. Ct. at 2129. Thus, *Bruen*'s "intervening change in the applicable legal context," Restatement (Second) of Judgments, § 28(2)(b), means that the factual stipulations from *Colorado Outfitters* are not binding in this case. *Cf.* Plaintiffs' Motion for Preliminary Injunction [# 9 at 7] ("In *Bruen*, . . . the Court elucidated the framework for judicial review of legislative burdens on the right to bear arms.").

Third, that the *Rocky Mountain Gun Owners* plaintiffs brought their challenge under the Colorado Constitution, and not the federal Constitution, means that the stipulations from that case are not binding here. In order for issue preclusion to apply, "the issue previously decided [must be] identical to the one presented in the action in question." *Botefuhr*, 309 F.3d at 1282 (internal quotation marks omitted).

In *Rocky Mountain Gun Owners*, the plaintiffs "challenge[d the] law as an infringement on the right to bear arms—not under the Second Amendment to the U.S. Constitution, but under article II, section 13 of the Colorado Constitution." *Rocky Mountain Gun Owners*, 467 P.3d at 317. In turn, "[b]ecause Plaintiffs [did] not challenge [the LCM Ban] under the Second Amendment, [the Colorado Supreme Court did] not address whether the legislation runs afoul of the federal constitution. That separate inquiry [was] simply not before" that court. *Id.* at 317–18. And the Colorado Supreme Court "reject[ed] Plaintiffs' contention that [the Colorado] state

constitutional provision must be interpreted in lockstep with its federal counterpart" and instead applied a state-specific test that does not mirror the *Bruen* standard. *Id.* at 324, 329.

Thus, the issue presented in *Rocky Mountain Gun Owners* (whether the LCM Ban runs afoul of the Colorado Constitution) is not "identical to the to the one presented" here (whether the LCM Ban runs afoul of the Second Amendment). *Botefuhr*, 309 F.3d at 1282 (internal quotation marks omitted). Accordingly, the stipulations from *Rocky Mountain Gun Owners* are not binding here.

### III. The past stipulations are not binding even though this case is at the preliminary injunction stage.

Finally, although this case is at the preliminary injunction stage, this Court should still declare that the stipulations from *Colorado Outfitters* and *Rocky Mountain Gun Owners* are not binding. The Federal Circuit has applied a rule similar to the Second Restatement at the preliminary injunction phase. *See Pfizer, Inc. v. Teva Pharm., USA, Inc.*, 429 F.3d 1364, 1376 (Fed. Cir. 2005).

To be sure, "[t]he Federal Rules of Evidence do not apply to preliminary injunction hearings." *Heideman v. S. Salt Lake City*, 348 F.3d 1182, 1188 (10th Cir. 2003). But issue preclusion is not a Federal Rule of Evidence. *See McKinney v. Galvin*, 701 F.2d 584, 586 n.5 (6th Cir. 1983) (noting that "the substantive doctrine of res judicata . . . lies outside the scope of rules of evidence); *cf. Ramirez-Lluveras v. Pagan-Cruz*, 857 F. Supp. 2d 238, 240 n.3 (D.P.R. 2012) (deciding an issue "under the Federal Rules of Evidence" and subsequently "find[ing] it unnecessary to address" arguments pertaining to "claim preclusion and *res judicata*"). Instead, issue preclusion is based on "common-law principles." *Arizona v. California*, 530 U.S. 392, 416

8

(2000); *see also Fransen v. Conoco, Inc.*, 64 F.3d 1481 (10th Cir. 1995) (discussing "the common law doctrine of collateral estoppel or issue preclusion").

Because issue preclusion is not a Federal Rule of Evidence, the Tenth Circuit's rule in *Botefuhr*, which relies on the Second Restatement, is applicable even at the preliminary injunction phase. And based on the above analysis, the Court should declare that the *Colorado Outfitters* and *Rocky Mountain Gun Owners* stipulations are not binding here. Doing so will give the parties clarity as they shape their legal and factual arguments in advance of the preliminary injunction hearing.

## CONCLUSION

Plaintiffs cite stipulations from *Colorado Outfitters* and *Rocky Mountain Gun Owners* in their Complaint and Motion for Preliminary Injunction. Compl. [# 1, ¶¶ 12, 13]; Motion for Preliminary Injunction [# 9 at 2–4]. But those stipulations are not binding in this case because the parties in *Colorado Outfitters* and *Rocky Mountain Gun Owners* did not manifest such an intent. Additionally, the *Colorado Outfitters* stipulations are not binding because the Tenth Circuit held that the plaintiffs lacked standing and because the Supreme Court announced a new legal framework in *Bruen*. And the *Rocky Mountain Gun Owners* stipulations are not binding because the plaintiffs there brought their claims under the Colorado Constitution, not the federal Constitution.

Accordingly, the Court should declare that neither party is bound by the stipulations made in *Colorado Outfitters* or *Rocky Mountain Gun Owners*.

DATED: October 13, 2022.

PHILIP J. WEISER
Attorney General

*s/ Daniel R. Magalotti*
LEEANN MORRILL*
First Assistant Attorney General
EMILY B. BUCKLEY*
Senior Assistant Attorney General
PETER G. BAUMANN*
Assistant Attorney General
DANIEL R. MAGALOTTI*
Assistant Attorney General Carr Fellow
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000
Email: leeann.morrill@coag.gov
　　　　emily.buckley@coag.gov
　　　　peter.baumann@coag.gov
　　　　daniel.magalotti@coag.gov
*Attorneys for Defendant Governor
　Jared S. Polis*
*Counsel of Record

## CERTIFICATE OF SERVICE

      I hereby certify that on October 13, 2022, I served a true and complete copy of the foregoing **THE GOVERNOR'S MOTION FOR RULING THAT FACT STIPULATIONS FROM PREVIOUS CASES ARE NOT BINDING,** upon all parties herein by e-filing with the CM/ECF system maintained by the court and/or email, addressed as follows:

Eric Paul Apjoke
Shaun Pearman
Pearman Law Firm, P.C.
4195 Wadsworth Blvd.
Wheat Ridge, CO 80033
eric@pearmanlawfirm.com
shaun@pearmanlawfirm.com


Barry Kevin Arrington
Arrington Law Firm
3801 East Florida Ave., Suite 830
Denver, CO 80210
barry@arringtonpc.com

*Attorneys for Plaintiffs*

                                                  *s/* Daniel R. Magalotti
                                                  *Daniel R. Magalotti*