## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-1866-NYW-SKC

BENJAMIN GATES, TRAVIS SWARTZ, and NATIONAL FOUNDATION FOR GUN RIGHTS, INC.,
 Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor for the State of Colorado,
 Defendant.

## ANSWER

Defendant, Governor Jared S. Polis in his official capacity, submits the following Answer to the Complaint.

### I. ANSWER TO PARTIES

1. Defendant admits that Colorado's Large Capacity Magazine Ban ("LCM Ban") is codified at §§ 18-12-301 *et seq*. Defendant is without sufficient information to form a belief as to the truth of the remaining allegations in Paragraph 1, and therefore denies them.

2. Defendant is without sufficient information to form a belief as to the truth of the allegations in Paragraph 2, and therefore denies them.

3. Defendant admits the allegations in Paragraph 3.

4. Defendant denies the allegations in Paragraph 4.[1]

---

[1] The Governor enjoys Eleventh Amendment sovereign immunity from suit where he is sued in his official capacity "'to enjoin the enforcement of an act alleged to be unconstitutional,'" *Peterson v. Martinez*, 707 F.3d 1197, 1205 (10th Cir. 2013) (quoting *Ex Parte Young*, 209 U.S. 123, 157 (1908)), but does not "'have a particular duty to 'enforce' the statute in question and a demonstrated willingness to exercise that duty,'" *id.* (quoting *Prairie Band Potawatomi Nation v. Wagnon*, 476 F.3d 818, 828 (10th Cir. 2007)); *see also Hendrickson v. AFSCME Council 18*, 992 F.3d 950, 965–68 (10th Cir. 2021) (same; collecting cases). The LCM Ban is a criminal statute,

## II. ANSWER TO JURISDICTION AND VENUE

5.  Defendant admits that the Court has federal question jurisdiction over this matter. Any remaining allegations in Paragraph 5 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

6.  Defendant admits that the Court has federal question jurisdiction over this matter. Any remaining allegations in Paragraph 6 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

7.  Defendant admits that venue is proper in this district. Any remaining allegations in Paragraph 7 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## III. ANSWER TO GENERAL ALLEGATIONS

8.  The allegations in Paragraph 8 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

9.  The allegations in Paragraph 9 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

10. The allegations in Paragraph 10 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

---

see § 18-12-302 (depending on the circumstances, violation of the LCM Ban is a class 2 misdemeanor or a class 6 felony), and the Complaint does not allege that the Governor has any criminal prosecutorial power, much less that he has demonstrated a willingness to prosecute Plaintiffs. [See # 1]. But for the purpose of defending the LCM Ban against Plaintiffs' Second Amendment challenge here, which seeks only declaratory and injunctive relief, see *id.*, the Governor agrees to waive his sovereign immunity and consents to be sued in this Court in only this case, in only his official capacity, and only for prospective relief. *See MCI Telecomms. Corp. v. Pub. Serv. Comm'n of Utah*, 216 F.3d 929, 935 (10th Cir. 2000) ("[A] state may waive its sovereign immunity by consenting to suit in federal court.").

11. Defendants deny the allegations in paragraph 11.

12. Defendant admits that the parties to *Colorado Outfitters Ass'n v. Hickenlooper*, 13-cv-01300-MSK-MJW, including the state, entered into these stipulations — which as copied in the Complaint [Doc. 1] are incomplete — for purposes of the trial to the court in that case. Defendant also admits that the trial court's merits ruling in that case was vacated by the Tenth Circuit.

13. Defendant admits that the parties to *Rocky Mountain Gun Owners et al. v. Hickenlooper*, 2013CV33879 (Denver Dist. Ct.), including the state, entered into these stipulations— which as copied in the Complaint [Doc. 1] are incomplete — for purposes of the trial to the court in that case. Defendant denies that the stipulation at Paragraph 2 in Exhibit A is accurately referenced in the Complaint. However, Defendant admits that this stipulation appears at Paragraph 21 in Exhibit A.

14. Defendant is without sufficient knowledge to admit or deny the number of magazines made unlawful by the LCM Ban in either Colorado or the United States, and therefore denies the allegation in the first sentence of Paragraph 14. The remaining allegations in Paragraph 14 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

15. The allegations in Paragraph 15 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

16. The allegations in Paragraph 16 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

### IV. ANSWER TO FIRST CLAIM FOR RELIEF
**Right to Keep and Bear Arms**
**U.S. Const., amends. II and XIV**

17. Defendant incorporates by reference his answer to paragraphs 1–16 above.

18. Defendant admits that the LCM Ban generally prohibits residents of Colorado, including Plaintiffs, from acquiring new LCMs on or after July 1, 2013, and transferring any LCM that they acquired before July 1, 2013, on or after July 1, 2013. Defendant denies that the LCM ban prohibits residents of Colorado, including Plaintiffs, from keeping or possessing LCMs provided that they were acquired before July 1, 2013. Any remaining allegations in Paragraph 18 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

19. The allegations in Paragraph 19 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

20. Defendant admits that the LCM Ban applies with equal force in individual residences. Any remaining allegations in Paragraph 20 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

21. The allegations in Paragraph 21 are legal contentions to which no response is required. To the extent a response is required, Defendant denies the allegations.

## V.  ANSWER TO PRAYER FOR RELIEF

Defendant denies that Plaintiffs are entitled to the relief they request in Paragraphs 22, 23, 24, and 25.

## DEFENDANT'S AFFIRMATIVE DEFENSES

Defendant asserts the following defenses, for which Defendants do not concede that they bear the burden of persuasion or proof.

A. Plaintiffs' claims against Defendant are barred by the Eleventh Amendment, absent a waiver of such immunity.

B. Plaintiffs' claims are barred by the equitable doctrine of laches.

C. Plaintiffs' claims are barred by the equitable doctrine of waiver.

D. The National Foundation for Gun Rights, Inc. lacks standing to bring this lawsuit.

E. The LCM Ban is not unconstitutional.

F. Defendant reserves the right to raise additional affirmative defenses as appropriate.

DATED: November 10, 2022.

            PHILIP J. WEISER
            Attorney General

            *s/* Peter G. Baumann
            *LEEANN MORRILL**
            First Assistant Attorney General
            *EMILY B. BUCKLEY**
            Senior Assistant Attorney General
            *PETER G. BAUMANN**
            Assistant Attorney General
            *DANIEL R. MAGALOTTI**
            Assistant Attorney General Carr Fellow
            Colorado Attorney General's Office
            1300 Broadway, 6th Floor
            Denver, Colorado 80203
            Telephone: (720) 508-6000
            Email: leeann.morrill@coag.gov
               emily.buckley@coag.gov
               peter.baumann@coag.gov
               daniel.magalotti@coag.gov
            *Attorneys for Defendant Governor*
             *Jared S. Polis*
            *Counsel of Record