**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

**Civil Action No. 22-cv-1866-NYW-SKC**

BENJAMIN GATES,
TRAVIS SWARTZ, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.

      Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

      Defendant.

_____

**SCHEDULING ORDER**
_____

**1. DATE OF CONFERENCE AND APPEARANCES
OF COUNSEL AND PRO SE PARTIES**

      A scheduling conference was held on November 2, 2022. Plaintiff's counsel is:

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Voice:  (303) 205-7870
Email:  barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

      Barry Arrington represented Plaintiff at the conference.

1

Defendant's counsel is:

LeeAnn Morrill
First Assistant Attorney General
Emily B. Buckley
Senior Assistant Attorney General
Peter G. Baumann
Assistant Attorney General
Daniel R. Magalotti
Assistant Attorney General Carr Fellow
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000
Email: leeann.morrill@coag.gov
emily.buckley@coag.gov
peter.baumann@coag.gov
daniel.magalotti@coag.gov

LeeAnn Morrill, Peter G. Baumann, and Daniel R. Magalotti represented Defendant at the conference.

## 2. STATEMENT OF JURISDICTION

The Court has federal question jurisdiction of this action under 28 U.S.C. §§ 1331 and 1343. Defendant contests each Plaintiff's standing to maintain this action.

## 3. STATEMENT OF CLAIMS AND DEFENSES

a. Plaintiffs:

This action challenges the constitutionality of C.R.S. § 18-12-301 *et seq*.,

("Magazine Ban.")  The Magazine Ban bans certain firearm magazines that the State

has previously admitted are not unusual and are held by millions of law-abiding

American citizens for lawful purposes.  The Second Amendment protects the right of

2

law-abiding citizens to own weapons in common use by law-abiding citizens for lawful purposes. *D.C. v. Heller*, 554 U.S. 570, 627 (2008); *cf. New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022).

In *Bruen*, the Supreme Court unambiguously placed on the government a substantial burden of demonstrating that any law seeking to regulate firearms is consistent with this Nation's historical tradition of firearm regulation. Specifically, the Court stated:

> "To support that [its claim that its regulation is permitted by the Second Amendment], the burden falls on [the government] to show that New York's proper-cause requirement is consistent with this Nation's historical tradition of firearm regulation. Only if respondents carry that burden can they show that the pre-existing right codified in the Second Amendment, and made applicable to the States through the Fourteenth, does not protect petitioners' proposed course of conduct."

*Bruen*, 142 S. Ct. at 2135.

In this case, the Second Amendment's plain text covers Plaintiffs' conduct in seeking to acquire bearable arms. *Bruen*, 142 S. Ct. at 2132 ("the Second Amendment extends, prima facie, to all instruments that constitute bearable arms"). Accordingly, Plaintiff's conduct is **presumptively** protected by the Second Amendment. *Bruen*, 142 S. Ct. at 2126 ("when the Second Amendment's plain text covers an individual's conduct, the Constitution presumptively protects that conduct"). The government may attempt to rebut that presumption by demonstrating that its law is consistent with this Nation's historical tradition of firearm regulation, but it cannot do so because there is no such historical tradition.

3

b.  Defendant:

Plaintiffs' Second Amendment challenge to Colorado's Large-Capacity Magazine ("LCM") Ban, codified at §18-2-301 and -302, C.R.S. (2022), fails for four reasons.

*First,* both individual Plaintiffs lack standing to challenge the LCM Ban because each lawfully owns multiple large-capacity magazines, and none have alleged the type of concrete plans to violate the statute that are necessary to establish pre-enforcement standing. The organizational Plaintiff also lacks standing because it has not identified at least one member who has individual standing to challenge the LCM Ban.

*Second*, Plaintiffs cannot show as a threshold matter that LCMs are protected by the Second Amendment, which protects the right to keep and carry only arms. Large-capacity magazines are accessories, not arms. In contrast to the history and tradition standard discussed below, for which the Supreme Court explicitly lodged the burden with the government in *N.Y. State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2126 (2022), the Court did not discuss the allocation of the burden for this threshold inquiry. Accordingly, the "default rule" prevails, in which Plaintiffs "bear the risk of failing to prove their claims." *Schaffer ex rel. Schaffer v. Weast*, 546 U.S. 49, 56 (2005).

*Third*, "the Second Amendment protects only the carrying of weapons that are those 'in common use'" for self-defense. *Bruen*, 142 S. Ct. at 2143 (quoting *Dist. of Columbia v. Heller*, 554 U.S. 570, 627 (2008)); *see also Bruen*, 142 S. Ct. at 2132 (the definition of "arms" "covers modern instruments that facilitate armed self-defense").

4

LCMs are not commonly used for self-defense, and Plaintiffs cannot meet their burden of proving otherwise. *Schaffer*, 546 U.S. at 56. Rather, even if this Court determines that LCMs are arms, they are "dangerous and unusual," and thus are not afforded Second Amendment protection. *Id*. at 2128 (quoting *Heller*, 554 U.S. at 627).

And *fourth*, even if Plaintiffs carry their threshold burdens of proving LCMs are arms and are commonly used for self-defense such that they fall within the Second Amendment's zone of protection, Colorado's LCM Ban is consistent with our nation's history and tradition of regulating weapons of war once they became readily available for misuse by civilians and actually began to be misused to cause great public harm. Throughout history, the federal and state governments have restricted access to weapons that pose a significant threat to civilians with little corresponding lawful defensive utility, like machine guns. And the evidence will show that the LCM Ban, on the one hand, imposes no burden on the right of armed self-defense and, on the other, reduces mass shooting fatalities by giving potential casualties the chance to flee, hide, or fight for their lives when the shooter pauses to reload.

## 4.  UNDISPUTED FACTS

The parties have not stipulated to any undisputed facts at this time. Defendant intends to dispute certain stipulations of undisputed fact that were reached by different parties in *Cooke v. Hickenlooper*, U.S.D.C. Colo. Case No. 1:13-cv-01300-MSK-MJW, and *Rocky Mountain Gun Owners v. Hickenlooper*, Denver District Court Case No. 2013CV33879. If Plaintiffs take the position that some or all of the stipulations in those cases are binding on the parties to this case, Defendant intends to renew his Motion for Ruling that Fact Stipulations from Previous Cases Are Not Binding [Doc. 29].

## 5.  COMPUTATION OF
## DAMAGES

Not applicable.

## 6.  REPORT OF PRECONFERENCE DISCOVERY
## AND MEETING UNDER FED. R. CIV. P. 26(f)

a.  Date of Rule 26(f) meeting.

November 2, 2022

b.  Names of each participant and party he/she represented.

Barry Arrington, Plaintiff

LeeAnn Morrill, Peter G. Baumann, and Daniel R. Magalotti, Defendant

c.  Statement as to when Rule 26(a)(1) disclosures were made or will be made.

December 15, 2022

d.  Proposed changes, if any, in timing or requirement of disclosures under Fed. R. Civ. P. 26(a)(1).

None.

e.  Statement concerning any agreements to conduct informal discovery:

None.

f.  Statement concerning any other agreements or procedures to reduce discovery and other litigation costs, including the use of a unified exhibit numbering system.

The parties agree to comply with the unified exhibit numbering system outlined in Judge Wang's Civil Practice Standards.

g.  Statement as to whether the parties anticipate that their claims or defenses will involve extensive electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

The parties do not anticipate that their claims or defenses will involve extensive

6

electronically stored information, or that a substantial amount of disclosure or discovery will involve information or records maintained in electronic form.

h.   Statement summarizing the parties' discussions regarding the possibilities for promptly settling or resolving the case.

Plaintiffs seek to permanently enjoin the continued enforcement of legislation duly adopted by the Colorado General Assembly. The parties agree that settlement is not a possibility.

## 7.
## CONSENT

All parties have not consented to the exercise of jurisdiction of a magistrate judge.

## 8.  DISCOVERY
## LIMITATIONS

a.   Modifications which any party proposes to the presumptive numbers of depositions or interrogatories contained in the Federal Rules.

None.

b.   Limitations which any party proposes on the length of depositions.

As per rule.

c.   Limitations which any party proposes on the number of requests for production and/or requests for admission.

None.

d.   Deadline for service of Interrogatories, Requests for Production of Documents and/or Admissions:

May 26, 2023

e.   Other Planning or Discovery Orders

None.

### 9.  CASE PLAN AND SCHEDULE

a.      Deadline for Joinder of Parties and Amendment of Pleadings:

December 31, 2022

b.      Discovery Cut-off:

June 30, 2023.

c.      Dispositive Motion Deadline:

**Plaintiffs' Position:**

Plaintiff believes this matter may be resolved on summary judgment and proposes July 28, 2023 as the dispositive motion deadline.  The experience in previous cases to which Defendant refers is not relevant, because the issues to be resolved have been substantially narrowed by the United States Supreme Court.

**Defendant's Position**

Defendant believes that this case is unlikely to be resolved through a motion for summary judgment due to the high likelihood of disputed material facts. None of the parties in either of the previous constitutional challenges to the LCM Ban (*Cooke v. Hickenlooper*, U.S.D.C. Colo. Case No. 1:13-cv-01300-MSK-MJW, and *Rocky Mountain Gun Owners v. Hickenlooper*, Denver District Court Case No. 2013CV33879) filed a dispositive motion and both cases instead were resolved through trials to court. Defendant therefore proposes that the Court enter a scheduling order that forgoes dispositive motions and instead sets a trial date beginning on August 21, 2023. If the Court is inclined to entertain dispositive motions, then Defendant proposes that the filing deadline for such motions be set as July 28, 2023, and the trial postponed until after resolution of those motions.

d.      Expert Witness Disclosure

1.      The parties shall identify anticipated fields of expert testimony, if any.

The parties anticipate expert testimony on the following issues, without limitation:
- The history of multi-shot firearms and accessories.
- Historical regulation of firearms and their enforcement, including the justifications for and burdens imposed by such

8

regulation and enforcement.
- Justifications for and burdens imposed by the challenged provision, § 18-12-301 *et seq.*
- The use and commonality of magazines containing more than 15 rounds of ammunition.

2.  Limitations which the parties propose on the use or number of expert witnesses.

    None.

3.  The parties shall designate all experts and provide opposing counsel and any pro se parties with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

    April 7, 2023.

4.  The parties shall designate all rebuttal experts and provide opposing counsel and any pro se party with all information specified in Fed. R. Civ. P. 26(a)(2) on or before:

    May 26, 2023.

e.  Identification of Persons to Be Deposed:

    In addition to expert witnesses, Defendant anticipates deposing each Plaintiff, including a F.R.C.P. 30(b)(6) deposition of the organizational plaintiff.

## 10. DATES FOR FURTHER CONFERENCES

a.  Status conferences will be held in this case at the following dates and times:

    <u>None scheduled at this time</u>.

b.  A final pretrial conference will be held in this case on _____ at o'clock _____m. A Final Pretrial Order shall be prepared by the parties and submitted to the court no later than seven (7) days before the final pretrial conference.

9

## 11.  OTHER SCHEDULING MATTERS

a.  Identify those discovery or scheduling issues, if any, on which counsel after a good faith effort, were unable to reach an agreement.

      None.

b.  Anticipated length of trial and whether trial is to the court or jury.

**Plaintiffs' Position:**

Plaintiffs believe five trial days will be sufficient.

**Defendant's Position:**

In light of the extensive factual record that will need to be developed, Defendant believes that 10 days will be necessary. The previous federal court challenge to the LCM Ban, *Cooke v. Hickenlooper*, U.S.D.C. Colo. Case No. 1:13-cv-01300-MSK-MJW, was set for a 10-day trial to court for which the parties identified a total of 39 witnesses, 8 of which were experts.

The parties agree that trial will be to the Court because Plaintiffs seek only prospective equitable relief.

c.  Identify pretrial proceedings, if any, that the parties believe may be more efficiently or economically conducted in the District Court's facilities at 212 N. Wahsatch Street, Colorado Springs, Colorado 80903-3476; Wayne Aspinall U.S. Courthouse/Federal Building, 402 Rood Avenue, Grand Junction, Colorado 81501-2520; or the U.S. Courthouse/Federal Building, , La Plata County Courthouse 1060 E. 2nd Avenue, Suite 150, Durango, Colorado 81301.

      None

## 12.  NOTICE TO COUNSEL AND PRO SE PARTIES

The parties filing motions for extension of time or continuances must comply with D.C.COLO.LCivR 6.1(c) by serving the motion contemporaneously upon the moving attorney's client.

Counsel will be expected to be familiar and to comply with the Pretrial and Trial Procedures or Practice Standards established by the judicial officer presiding over the trial of this case.

With respect to discovery disputes, parties must comply with D.C.COLO.LCivR 7.1(a).

Counsel and unrepresented parties are reminded that any change of contact information must be reported and filed with the Court pursuant to the applicable local rule.

### 13.  AMENDMENTS TO SCHEDULING ORDER

This scheduling order may be altered or amended by the Court only upon a showing of good cause.


DATED at Denver, Colorado, this ____day of _____, 20__.

BY THE COURT:


_____
United States Magistrate Judge

APPROVED:

*/s/ Barry K. Arrington*                                    */s/ Peter G. Baumann*

_____          _____
Barry K. Arrington                                     LeeAnn Morrill
Arrington Law Firm                                    First Assistant Attorney General
4195 Wadsworth Boulevard                      Emily B. Buckley
Wheat Ridge Colorado  80033                  Senior Assistant Attorney General
Voice:  (303) 205-7870                             Peter G. Baumann
Email:  barry@arringtonpc.com               Assistant Attorney General
Attorney for Plaintiffs                               Daniel R. Magalotti
                                                                 Assistant Attorney General Carr Fellow
                                                                 Colorado Attorney General's Office
                                                                 1300 Broadway, 6th Floor
                                                                 Denver, Colorado 80203
                                                                 Telephone: (720) 508-6000
                                                                 Email: leeann.morrill@coag.gov
                                                                 emily.buckley@coag.gov
                                                                 peter.baumann@coag.gov
                                                                 daniel.magalotti@coag.gov
                                                                 Attorneys for Defendant