**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO**

Civil Action No. 22-cv-1866

BENJAMIN GATES,
TRAVIS SWARTZ
KARL HONEGGER, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

    Defendant.

_____

**FIRST AMENDED COMPLAINT**
_____

    Pursuant to Fed. R. Civ. P. 15(a)(2), "a party may amend its pleading [] with the opposing party's written consent . . ." Defendant has given to Plaintiffs his written consent to this First Amended Complaint.

    Accordingly, Pursuant to Fed. R. Civ. P. 15(a)(2), Plaintiffs Benjamin Gates ("Gates"), Travis Swartz ("Swartz") Karl Honegger ("Honegger") and National Foundation for Gun Rights, Inc. ("NFGR") submit the following First Amended Complaint against Defendant Jared S. Polis.

**I.  PARTIES**

1.    C.R.S. § 18-12-301 *et seq*. shall be referred to herein as the "Magazine Ban."  Plaintiffs Gates and Swartz are residents of the State of Colorado (the "State") and are law-abiding citizens of the United States.  Gates and Swartz each currently own magazines capable of

1

holding more than 15 rounds of ammunition, which they have possessed lawfully since before July 1, 2013.  Gates and Swartz each seek to (1) acquire putatively banned magazines to replace the magazines he owed prior to July 1, 2013; (2) acquire additional putatively banned magazines; and (3) lawfully transfer his property to others.  In particular, Gates and Swartz each wishes to give and/or devise banned magazines to his family members, which is prohibited by the Magazine Ban.  But for the State's restrictions on commonly used arms, and their reasonable fear of criminal prosecution for violating these restrictions, Gates and Swartz would engage in these activities.  Plaintiff Honegger is a resident of the State and is a law-abiding citizen of the United States.  Honegger has never at any time owned a magazine capable of holding more than 15 rounds of ammunition.  Honegger seeks to acquire putatively banned magazines and after acquiring such magazines lawfully transfer them to others.  But for the State's restrictions on commonly used arms, and his reasonable fear of criminal prosecution for violating these restrictions, Honegger would engage in these activities.

2.      Plaintiff NFGR is a nonprofit membership and donor-supported organization qualified as tax-exempt under 26 U.S.C. § 501(c)(3).  NFGR seeks to defend the right of all law-abiding individuals to keep and bear arms.  NFGR has members who reside within the State.  NFGR represents the interests of its members who reside in the State.  Specifically, NFGR represents the interests of those who are affected by the Magazine Ban.   In addition to their standing as citizens and taxpayers, those members' interests include their wish to exercise their constitutionally protected right to keep and bear arms without being subjected to criminal prosecution, and to continue to lawfully possess and/or transfer property that they lawfully obtained.  But for the State's unlawful prohibition of commonly used arms and their reasonable fear of prosecution for violating these prohibitions, NFGR members would seek to bear arms in

2

public and acquire, keep, possess and/or transfer lawful arms for self-defense and other lawful purposes. For purposes of this Complaint, the terms "Plaintiffs" is meant to include NFGR in its capacity as a representative of its members.

3. Defendant Jared S. Polis is the Governor of the State of Colorado. This action is brought against him in his official capacity.

4. Defendant is or will enforce the unconstitutional provisions of the Magazine Ban against Plaintiffs under color of state law within the meaning of 42 U.S.C. § 1983.

### III.  JURISDICTION AND VENUE

5. The Court has original jurisdiction of this civil action under 28 U.S.C. § 1331, because the action arises under the Constitution and laws of the United States. The Court also has jurisdiction under 28 U.S.C. § 1343(a)(3) and 42 U.S.C. § 1983 since this action seeks to redress the deprivation, under color of the laws, ordinances, regulations, customs and usages of the State, of rights, privileges or immunities secured by the United States.

6. Plaintiffs' claims for declaratory and injunctive relief are authorized by 28 U.S.C. §§ 2201 and 2202, respectively, and their claim for attorneys' fees is authorized by 42 U.S.C. § 1988.

7. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)(2), because a substantial part of the events or omissions giving rise to Plaintiffs' claims occurred in this district.

### IV.  GENERAL ALLEGATIONS

8.  The Second Amendment to the United States Constitution declares that "the right of the people to keep and bear arms shall not be infringed." U.S. CONST. amend. II; *see also D.C. v. Heller*, 554 U.S. 570 (2008) ("*Heller*"); *McDonald v. City of Chicago*, 561 U.S. 742 (2010) ("*McDonald*"); and *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 2022 WL 2251305 (U.S. June 23, 2022) ("*Bruen*").

9.  The right to keep and bear arms recognized in the Second Amendment is made applicable to the states by the Fourteenth Amendment. *McDonald, supra*.

10. This action challenges the constitutionality of the Magazine Ban. C.R.S. § 18-12-301(2) defines "large-capacity magazine" to mean a fixed or detachable magazine, box, drum, feed strip, or similar device capable of accepting, or that is designed to be readily converted to accept, more than fifteen rounds of ammunition. C.R.S. § 18-12-302(1) makes it a generally a crime to sell, transfer, or possess in the State a "large-capacity magazine." C.R.S. § 18-12-302(2) grandfathers magazines that were owned prior to July 1, 2013, but these magazines may not be transferred to any other person, including by gift or devise to members of a person's own family. Therefore, even for grandfathered magazines the Magazine Ban operates as a rolling generational ban.

11. The Magazine Ban uses politically charged rhetoric to describe the arms it bans. The Magazine Ban's characterization of these magazines as "large capacity" is a misnomer. Magazines capable of holding more than 15 rounds are standard capacity magazines. Plaintiffs refuse to adopt the State's politically charged rhetoric in this Complaint. Therefore, for purposes of this Complaint, the term "Banned Magazine" shall have the same meaning as the term "large-capacity magazine" in C.R.S. § 18-12-301(2).

4

12.     *Colorado Outfitters Ass'n v. Hickenlooper*, 24 F. Supp. 3d 1050 (D. Colo. 2014),

*vacated and remanded,* 823 F.3d 537 (10th Cir. 2016), was a prior challenge to the Magazine

Ban in which the State was a defendant.[1]  In that case, the State stipulated as follows:

> More than 300,000,000 firearms are lawfully owned in the United States. A significant percentage of firearms privately owned are semi-automatic, most of which utilize a detachable box magazine. Although the total number is not known, the number of lawfully owned semi-automatic firearms that utilize a detachable box magazine with a capacity greater than 15 rounds is in the tens of millions.

Exhibit B, Stipulated Facts Section to Proposed Final Pretrial Order filed in *Hickenlooper* on January 31, 2014 ¶ 10.

> Although the total number of magazines of any size in the United States is not known, the number of large capacity magazines is in the tens of millions.

*Id.*, ¶ 25.

> Although the total number of magazines of any size in Colorado is not known, the number of large capacity magazines is in the millions.

*Id.*, ¶ 26.

13.     *Rocky Mountain Gun Owners v. Polis*, 2020 CO 66, 467 P.3d 314, was another case in

which the State was a party.  In that case, the State stipulated as follows:

> In states without laws regulating magazine capacity, AR-15 platform rifles are usually sold at retail with a detachable box magazine capable of holding up to 30 rounds. In states without laws regulating magazine capacity, the majority of owners of AR-15 platform rifles use magazines with a capacity of 20 and/or 30 rounds.

Exhibit A, "Stipulations" attached to Proposed Trial Management Order, filed in *Rocky Mountain Gun Owners v. Polis* on April 4, 2017 ¶ 10.

> Prior to the effective date of §18-12-301, *et seq*, semi-automatic firearms equipped with detachable box magazines with a capacity greater than 15 rounds were frequently used in Colorado for multiple lawful purposes, including

---

[1] A suit against a state official in her official capacity is equivalent to a suit against the state. *Muscogee (Creek) Nation v. Oklahoma Tax Comm'n*, 611 F.3d 1222, 1229 (10th Cir. 2010).

>recreational target shooting, competition shooting, collecting, hunting, and were kept for home defense and defense outside the home.

*Id.*, ¶ 13.

>Many full-sized 9mm semi-automatic pistols are sold at retail with magazines with capacities of greater than 15, such as the Glock 17.  The Glock 17 is one of the most popular handguns sold in the United States and it is often used by law enforcement personnel.

*Id.*, ¶ 17.

>Although the total number of magazines of any size in Colorado is not known, the number of magazines with a capacity greater than 15 rounds is in the millions.

*Id.*, ¶ 20.

>Prior to the effective date of §18-12-301, *et seq*., magazines with a capacity greater than 15 rounds were not unusual in Colorado.

*Id.*, ¶ 2.

>Through December 2016 there were 41 prosecutions under §18-12-301, *et seq*.,

*Id.*, ¶ 29.

14. Law-abiding citizens own literally tens of millions of magazines such as the magazines made unlawful by the Magazine Ban.  The Magazine Ban's prohibition on the possession, sale, or other transfer of the Banned Magazines violates the Second Amendment.

15. There is an actual and present controversy between the parties.  The Magazine Ban infringes on Plaintiffs' right to keep and bear arms under the Second Amendment by generally prohibiting the possession of arms that are commonly possessed by millions of Americans for lawful purposes.  Defendant denies these contentions.  Plaintiffs desire a judicial declaration that the Magazine Ban, facially and/or as applied to them, violates their constitutional rights. Plaintiffs should not be forced to choose between risking criminal prosecution and exercising their constitutional rights.  The risk of criminal prosecution on account of exercising a

6

constitutionally protected right unlawfully chills the exercise of that right and thus violates the Constitution even if the criminal defendant ultimately prevails.

16. Plaintiffs are or will be injured by ~~Defendants'~~ Defendant's enforcement of the Magazine Ban insofar as those provisions violate Plaintiffs' rights under the Second Amendment by precluding the possession, transfer and use of arms that are "typically possessed by law-abiding citizens for lawful purposes" nationwide.  If not enjoined by this Court, Defendant will enforce the Magazine Ban in derogation of Plaintiffs' constitutional rights. Plaintiffs have no plain, speedy, and adequate remedy at law.  Damages are indeterminate or unascertainable and, in any event, would not fully redress any harm suffered by Plaintiffs because they are unable to engage in constitutionally protected activity due to Defendant's present or contemplated enforcement of these provisions.

### V. FIRST CLAIM FOR RELIEF
### Right to Keep and Bear Arms
### U.S. Const., amends. II and XIV

17. Paragraphs 1-16 are realleged and incorporated by reference.

18. The Magazine Ban generally prohibits residents of the State, including Plaintiffs, from acquiring, keeping, possessing, and/or transferring arms protected by the Second Amendment. There are significant penalties for violations of the Magazine Ban.

19. These restrictions infringe on the right of the people of the State, including Plaintiffs, to keep and bear arms as guaranteed by the Second Amendment and made applicable to Colorado and its political subdivisions by the Fourteenth Amendment.

20. The Magazine Ban's prohibitions extend into Plaintiffs' homes, where Second Amendment protections are at their zenith.

7

21. Defendant cannot satisfy his burden of justifying these restrictions on the Second Amendment right of the People, including Plaintiffs, to bear, acquire, keep, possess, transfer, and use arms that are in common use by law-abiding adults throughout the United States for the core right of self-defense in the home and other lawful purposes.

## VI.  PRAYER FOR RELIEF

Plaintiffs pray that the Court:

22. Enter a declaratory judgment pursuant to 28 U.S.C. § 2201 that the Magazine Ban is unconstitutional on its and face or as applied to the extent its prohibitions apply to law-abiding adults seeking to acquire, use, transfer, or possess arms that are in common use by the American public for lawful purposes;

23. Enter preliminary and permanent injunctive relief enjoining Defendant and his officers, agents, and employees from enforcing the Magazine Ban;

24. Award remedies available under 42 U.S.C. § 1983 and all reasonable attorneys' fees, costs, and expenses under 42 U.S.C. § 1988, or any other applicable law; and

25. Grant any such other and further relief as the Court may deem proper.

Respectfully submitted this ~~28th~~13th day of ~~July~~December 2022.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
3801 East Florida Avenue, Suite 830
Denver, Colorado 80210
Voice:  (303) 205-7870; Fax:  (303) 463-0410
Email:   barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.

8

4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*

~~Plaintiffs' Addresses:~~

~~Benjamin Paul Gates~~
~~3751 Garfield Ave~~
~~Wellington, CO 80549~~

~~Travis Walter Swartz~~
~~1513 Emigh St~~
~~Fort Collins, CO 80524~~

~~National Foundation for Gun Rights, Inc.~~
~~2300 West Eisenhower Boulevard~~
~~Loveland, Colorado 80537~~

**CERTIFICATE OF SERVICE**

I hereby certify that on December 13, 2022, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*

Barry K. Arrington