IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-1866-NYW-SKC

BENJAMIN GATES, TRAVIS SWARTZ, KARL HONEGGER, and NATIONAL FOUNDATION FOR GUN RIGHTS, INC.,
    Plaintiffs,
v.
JARED S. POLIS, in his official capacity as Governor for the State of Colorado,
Defendant.

## UNOPPOSED MOTION FOR PROTECTIVE ORDER

Defendant, Jared S. Polis, in his official capacity as Governor for the State of Colorado ("Governor"), respectfully requests that the Court enter the attached Protective Order to control the disclosure and use of confidential information in this matter pursuant to F.R.C.P. ("Rule") 26(c). As good cause, Defendant states:

    1.    The Governor has issued Rule 45 subpoenas to third-party commercial entities seeking the production of certain documents related to the manufacture, distribution, and sales of firearms and detachable magazines, and anticipates issuing several more subpoenas seeking similar information.

    2.    In response, several of the third-parties have indicated that certain records responsive to the subpoenas contain confidential information, including specifically proprietary commercial information that is not in the public domain.

    3.    The same third-parties have asked whether a protective order controlling the disclosure and use of such information has been entered in this case and represented that they will object to the production of certain documents responsive to the subpoenas absent such a protective order.

4. Rather than require each third-party to individually move for such an order, the directive in Rule 1 that the Rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive determination of every action and proceeding," as well as the interests of judicial economy, warrant the adoption of a blanket protective order that any third-party producing confidential information may invoke. To the extent that any party to this action disagrees with a third-party's designation of certain documents as confidential, that party may challenge the designation with the Court.

5. The Governor has conferred with counsel for Plaintiffs, who indicates that Plaintiffs do not object to the relief requested in this Motion.

6. Consistent with Section F.5 of the Court's civil practice standards, the proposed Protective Order follows the order approved by the court in *Gillard v. Boulder Valley School District. RE-2*, 196 F.R.D. 382 (D. Colo. 2000).

7. The deviations from that order are primarily to make clear that third-parties that disclose confidential information pursuant to a Rule 45 subpoena may invoke the Protective Order.

8. Although the proposed order entered by the court in *Gillard* covered only the parties, the court indicated that such orders can be invoked by "others from whom discovery is sought." *Id.* at 386.

9. The proposed Protective Order allows any party to challenge the designation of material as confidential, and places the burden of upholding the designation on the designating entity.

10. Entry of a blanket protective order will therefore "serve the interests of a just, speedy, and less expensive determination of complex disputes by alleviating the need for and delay occasioned by extensive and repeated judicial intervention." *Id.* Absent the order, each of the subpoenaed third-parties will bear the burden and expense of moving separately for a protective order.

11. Rather than necessitating the filing and consideration of up to a dozen protective orders, entering a blanket protective order will enable the subpoenaed entities to designate information as confidential without first needing to file a motion in this court. Should any party have the occasion to dispute that designation, the proposed protective order establishes a procedure for such disputes, including placing the burden of upholding the designation on the designating entity.

WHEREFORE, the Governor respectfully requests that the Court enter the attached Protective Order.

DATED: March 31, 2023.

PHILIP J. WEISER
Attorney General

s/ Peter G. Baumann
LEEANN MORRILL*
First Assistant Attorney General
EMILY B. BUCKLEY*
Senior Assistant Attorney General
PETER G. BAUMANN*
Assistant Attorney General
DANIEL R. MAGALOTTI*
Assistant Attorney General Carr Fellow
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
Telephone: (720) 508-6000
Email: leeann.morrill@coag.gov
  emily.buckley@coag.gov
  peter.baumann@coag.gov
  daniel.magalotti@coag.gov
*Attorneys for Defendant Governor
  Jared S. Polis*
*Counsel of Record

4