# Exhibit 1

## to the Declaration of Ryan Fletcher

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1866-NYW-SKC

BENJAMIN GATES, et al.

    Plaintiffs,

v.

JARES S. POLIS, Governor of the State of Colorado,

    Defendant.

### ATTACHMENT A TO FED. R. CIV. P. 45 SUBPOENA TO BERETTA U.S.A. CORP

**TO:**   **Beretta U.S.A. Corp.**
        **Attn: Seven Biondi**
        **17601 Beretta Drive**
        **Accokeek, MD 20607**

**GREETINGS:**

    **YOU ARE HEREBY ORDERED** to produce for inspection and copying the records and documents described herein, together with an executed affidavit in the form attached to the Office of the Colorado Attorney General, 1300 Broadway Street, 10th Floor, Denver, Colorado 80203 by 1:00 p.m. on Monday, April 3, 2023. Please direct any questions regarding this subpoena to Daniel Magalotti at 720-508-6450.

### INSTRUCTIONS

    1. Unless otherwise specified by a document production request, the time period covered by this subpoena is July 28, 2021 to the present.

    2. If any documents or records are withheld from production based on a claim of privilege, with respect to such documents or records, please provide a statement of the claim of privilege and all facts relied on in support thereof, the identity of each document or record, its author, addressee, date, subject matter, all recipients of the original and of any copies, its present location(s), and the request(s) for production of this subpoena to which the document or record is responsive. For

each document or record withheld under a claim that it constitutes or contains attorney work product, state whether Beretta U.S.A. Corp. asserts that the document was prepared in anticipation of litigation or for trial and, if so, identify the anticipated litigation or trial upon which the assertion is based.

3. If any documents or records responsive to a particular request for production no longer exist, but are known to have been in existence, state the circumstances under which they were lost or destroyed, describe the documents or records to the fullest extent possible, state the request(s) for production to which they are responsive, and identify persons having knowledge of the content of such documents or records.

4. This subpoena shall be deemed continuing in nature so as to require production of all documents or records up to the time of the final response to this subpoena.

5. Please include a certification in the form attached from your custodian or other qualified person certifying that the records produced in response to this subpoena:

> (a) were made at or near the time of the occurrence of the matters set forth by, or from information transmitted by, a person with knowledge of those matters;
>
> (b) were kept in the course of regularly conducted business activity; and
>
> (c) were made as a regular practice of Beretta business activity.

## **DEFINITIONS**

As used in this subpoena, the following terms have the following meanings:

1. The terms "Beretta," "you," and "your" mean Beretta U.S.A. Corp. and its predecessors, parents, subsidiaries, affiliates, retail outlets, trade names, officers, employees, independent contractors, and agents.

2. The terms "documents" and "records" mean all original, written, typewritten, handwritten, printed, recorded or graphic materials of every kind, prepared by any person, including, but not limited to, advertisements; articles; books; catalogues; CDs or CD-ROMs; charts; circulars; contracts; electronic mail; facsimiles; films; graphs; indices; inventory lists; invoices; letters; magazines; magnetic tapes; manuals; memoranda; newspapers; notices; notes; pamphlets; photographs; press releases; price lists; purchase orders; receipts; reports;

statements of account; slides; specifications; studies; surveys; tabulations; tapes; videotapes; and all other data compilations in the possession, custody or control of Beretta.  Documents provided shall be complete and unredacted, submitted as originally prepared or as found in Beretta's files.  The terms "documents" and "records" also include drafts of documents, copies of documents that are not identical duplicates of the originals and copies of documents the originals of which are not in the possession, custody or control of Beretta.  The term "other data compilations" includes electronically-stored information and information stored in, or accessible through, computer or other information retrieval systems, including, but not limited to, databases, computer discs, computer back-up tapes, computer journal tapes, computer indexes, microfiche, summaries, videotapes, CD-ROMs and archives, and cloud services together with instructions and all other materials necessary to use or interpret such data compilations.  Beretta may submit color reproductions in lieu of original documents or records, provided that such reproductions are accompanied by the attached affidavit stating that the reproductions are true, correct and complete reproductions of the original documents.

   3. The terms "relate to" or "relating to" mean in whole or in part constituting, containing, concerning, discussing, embodying, reflecting, mentioning, describing, analyzing, identifying, stating, referring or dealing with, or in any way pertaining to, and without limitation, in any way legally, logically, or factually connected with the matter discussed.

   4. The terms "and" and "or" have both conjunctive and disjunctive meanings.

   5. The terms "all," "each," and "any" mean "each and every."

   6. The plural form of any word shall include the singular form and the singular form shall include the plural.  Any reference to male pronoun shall also constitute reference to a female pronoun.

## **DOCUMENTS TO BE PRODUCED**

   The following documents and records are to be produced at the time and place stated above.

   1. Documents reflecting the makes and models of firearms that have the ability to utilize a detachable magazine of 16 rounds or more sold, produced, or distributed by Beretta in stores, online, or by any other means, in the United States on or after July 28, 2021.

2. Documents reflecting the makes and models of firearms that can internally hold 16 rounds or more sold, produced, or distributed by Beretta in stores, online, or by any other means, in the United States on or after July 28, 2021.

3. Documents reflecting the makes and models of shotguns that can hold more than 28 inches or more of shotgun shells sold, produced, or distributed by Beretta in stores, online, or by any other means, in the United States on or after July 28, 2021.

4. Documents reflecting which makes and models of the firearms described in Document Production Request 1 are sold or distributed by Beretta, either directly to consumers via internet, mail order, or other means, or to retailers, in the State of Colorado on or after July 28, 2021.

5. Documents reflecting which makes and models of the firearms described in Document Production Request 2 are sold or distributed by Beretta, either directly to consumers via internet, mail order, or other means, or to retailers, in the State of Colorado on or after July 28, 2021.

6. Documents reflecting whether, in selling, supplying, or providing the makes and models of firearms described in Document Production Request 4, Beretta provides any particular type of magazine with said firearm, and, if so, the type and capacity of magazine provided with said firearm when sold or distributed in the State of Colorado on or after July 28, 2021.

7. Documents reflecting whether Beretta is aware of any firearms described in Document Production Request 1 that can operate solely with a detachable magazine of 16 rounds or more and cannot operate with a detachable magazine of 15 rounds or fewer.

8. Documents reflecting whether Beretta is aware of any firearms described in Document Production Request 2 that can operate solely with 16 rounds or more loaded into the firearm and cannot operate with 15 rounds or fewer loaded into the firearm.

9. Documents reflecting the makes and models of detachable magazines available for the firearms described in Document Production Request 1, including the capacity of such magazines, that are sold, produced, or distributed by Beretta in stores, online, or by any other means, in the State of Colorado on or after July 28, 2021.

10. If Beretta produces, distributes, or sells only magazines of sixteen rounds or more for any firearms described in Document Production Request 1, documents reflecting whether Beretta is aware of any magazines of 15 rounds or fewer that are available for purchase from third parties in stores, online, or by other means, in the State of Colorado on or after July 28, 2021.

11. Documents reflecting the number of magazines of 16 rounds or more for any type of firearm sold directly Beretta in stores, online, or other means, in the United States as a whole, on or after July 28, 2021.

12. Documents reflecting the number of magazines of 15 rounds or fewer for any type of firearm sold directly by Beretta in stores, online, or other means, in the United States as a whole, on or after July 28, 2021.

13. For each transaction in which a customer purchased at least one magazine described in Document Production Request 11, documents reflecting the total number of magazines described in Document Production Request 11 that were sold in each transaction.

14. For each transaction in which a customer purchased at least one magazine described in Document Production Request 11, documents reflecting the average number of magazines described in Document Production Request 11 that were sold in each transaction.

15. In lieu of producing the documents requested, you may produce a list reflecting the firearms and magazines requested in Document Production Requests 1 through 14 and an executed affidavit in the form attached.

DATED this 30th day of March, 2023.

PHILIP J. WEISER
Attorney General

*s/ Daniel R. Magalotti*
LeeAnn Morrill
First Assistant Attorney General
Emily B. Buckley
Senior Assistant Attorney General
Peter G. Baumann
Assistant Attorney General
Daniel R. Magalotti
Assistant Attorney General Fellow

Colorado Attorney General's Office
1300 Broadway, 10th Floor
Denver, Colorado 80203
Telephone: 720-508-6450
Email: leeann.morrill@coag.gov
emily.buckley@coag.gov
peter.baumann@coag.gov
daniel.magalotti@coag.gov
Attorneys for Defendant