# Exhibit 2

# to the Declaration of Ryan Fletcher

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 1:22-cv-1866-GPG-SKC

BENJAMIN GATES, TRAVIS SWARTZ, KARL HONEGGER, and NATIONAL FOUNDATION FOR GUN RIGHTS, INC.,
    Plaintiffs,
v.
JARED S. POLIS, in his official capacity as Governor for the State of Colorado,
    Defendant.

## [Proposed] FIRST AMENDED PROTECTIVE ORDER

Upon a showing of good cause in support of the entry of a protective order to protect the discovery and dissemination of confidential information or information which will improperly annoy, embarrass, or oppress any party, witness, or person providing discovery in this case, IT IS ORDERED:

1. This Protective Order shall apply to all documents, materials, and information, including without limitation, documents produced, answers to interrogatories, responses to requests for admission, deposition testimony, and other information disclosed pursuant to the disclosure or discovery duties created by the Federal Rules of Civil Procedure, including, without limitation, Rules 26 and 45.

2. As used in this Protective Order, "document" is defined as provided in Federal Rule of Civil Procedure 34(a). A draft or non-identical copy is a separate document within the meaning of this term.

3. Information designated "CONFIDENTIAL" shall be information that is confidential and implicates common law or statutory privacy or business interests of Plaintiffs, Defendant, and/or third parties from whom confidential information is subpoenaed. CONFIDENTIAL information shall not be disclosed or used for any purpose except the

1

preparation and trial of this case.

4.     CONFIDENTIAL documents, materials, and/or information (collectively "CONFIDENTIAL information") shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

   a.   attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   b.   the parties, including their designated representatives and counsel;

   c.   expert witnesses and consultants retained in connection with this proceeding to whom disclosure is reasonably necessary for this litigation;

   d.   the Court and its employees ("Court Personnel") and the jury at trial;

   e.   stenographic and video reporters who are engaged in proceedings necessarily incident to the conduct of this action;

   f.   deponents, witnesses, or potential witnesses;

   g.   anyone as otherwise required by law; and

   h.   other persons by written agreement of the parties.

5.     Prior to disclosing any CONFIDENTIAL information to any person identified in sub-paragraph 4(c) (expert witnesses and consultants) or sub-paragraph 4(f) (deponents, witnesses, or potential witnesses), counsel shall provide such person with a copy of this Protective Order and obtain from such person a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its provisions. All such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel.

6. To the extent a producing party believes that information qualifying to be designated CONFIDENTIAL is so sensitive that its dissemination deserves even further limitation, the producing party may designate such information "CONFIDENTIAL – ATTORNEYS' EYES ONLY" (or alternatively, "CONFIDENTIAL – AEO"). This category of information includes confidential information or items that the designating party has a good faith belief constitutes or contains trade secrets or other non-public, highly confidential research, development, technical, business, and/or financial information that has not become public, the disclosure of which is likely to cause harm to the competitive position of the disclosing party. CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall not be disclosed or used for any purpose except the preparation and trial of this case.

7. CONFIDENTIAL – ATTORNEYS' EYES ONLY documents, materials, and/or information (collectively "CONFIDENTIAL – ATTORNEYS' EYES ONLY information) shall not, without the consent of the designating party or further Order of the Court, be disclosed except that such information may be disclosed to:

   a. attorneys actively working on this case and persons regularly employed or associated with said attorneys whose assistance is required by said attorneys in the preparation for trial, at trial, or at other proceedings in this case;

   b. outside expert witnesses or consultants (i.e., not existing employees or affiliates of a party) retained for the purpose of this litigation, provided that: (1) such expert witnesses or consultants are not presently employed by the parties hereto for purposes other than this case; (2) before access is given, the expert witness or consultant is provided with a copy of this Protective Order and provides a written acknowledgment stating that he or she has read this Protective Order and agrees to be bound by its

3

provisions, wherein all such acknowledgments shall be retained by counsel and shall be subject to *in camera* review by the Court if good cause for review is demonstrated by opposing counsel, and the written acknowledgement is served upon the producing party with (i) a current curriculum vitae of the expert witness or consultant, (ii) a listing of each person or entity from whom the expert witness or consultant has received compensation or funding for work in his or her areas of expertise or to whom the expert witness or consultant has provided professional services, including in connection with a litigation, at any time during the preceding five years, and (iii) a listing (by name and number of the case, filing date, and location of court) of any litigation in connection with which the expert witness or consultant has offered expert testimony, including through a declaration, report, or testimony at a deposition or trial, during the preceding five years at least seven (7) days before access to the CONFIDENTIAL – ATTORNEYS' EYES ONLY information is to be given to that expert witness or consultant. The producing party may object to and notify the receiving party in writing that it objects to disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY information to the expert witness or consultant. The parties agree to promptly confer and use good faith to resolve any such objection. If the parties are unable to resolve any objection, the objecting party may bring the issue to the Court consistent with Magistrate Judge Crews's Civil Practice Standards, seeking a protective order with respect to the proposed disclosure. The objecting party shall have the burden of proving the need for a protective order. No disclosure shall occur until all such objections are resolved by agreement or Court order;

      c.     independent litigation support services, including persons working for or

as court reporters, graphics or design services, jury or trial consulting services, and photocopy, document imaging, and database services retained by counsel and reasonably necessary to assist counsel with the litigation of this case;

d. the Court and its employees ("Court Personnel");

e. any mediator who is assigned to hear this matter, and his or her staff, subject to their agreement to maintain confidentiality to the same degree as required by this Protective Order; and

i.f. deponents, witnesses, or potential witnesses provided that he or she is an author, signatory, or prior recipient of the CONFIDENTIAL – ATTORNEYS' EYES ONLY information. Such person shall be given access only to the specific information therein.

5.8. Documents are designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY by placing or affixing on them (in a manner that will not interfere with their legibility) the following or other appropriate notice: "CONFIDENTIAL." or "CONFIDENTIAL – ATTORNEYS' EYES ONLY." Any information designated by any person as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY must first be reviewed by the person's attorney who will certify that the designation of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY is based on a good faith belief that the information is CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

9. Whenever a deposition involves the disclosure of CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, the deposition or portions thereof shall be designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall be subject to the provisions of this Protective Order. Such designation shall be

made on the record during the deposition whenever possible, but a person may designate portions of depositions as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY after transcription, provided written notice of the designation is promptly given to all counsel of record within 30 days after notice by the court reporter of the completion of the transcript. All testimony shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information until the 30-day period has expired.

6.10. To the extent trial requires the disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY information, prior to any such disclosure of the CONFIDENTIAL – ATTORNEYS' EYES ONLY information, the courtroom shall be cleared to include only those persons listed in paragraph 7(a)-(f). Additionally, portions of the trial transcript involving the disclosure of CONFIDENTIAL – ATTORNEYS' EYES ONLY shall be sealed and treated as CONFIDENTIAL – ATTORNEYS' EYES ONLY.

7.11. A party may object to the designation of particular CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information by giving written notice to the party, person, or entity designating the disputed information. The written notice shall identify the information to which the objection is made and the basis for that objection. If the parties cannot resolve the objection within 10 business days after the time the notice is received, it shall be the obligation of the party, person, or entity designating the information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY to initiate a hearing utilizing this Court's discovery dispute procedures set forth in Magistrate Judge Crews's Civil Practice Standards. If such a hearing is timely pursued, the disputed information shall be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY under the terms of this Protective Order until the Court issues a ruling on the dispute. If the designating

party fails to pursue a hearing within the prescribed time, the disputed information shall lose its designation as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY and shall not thereafter be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY in accordance with this Protective Order.  The party, person, or entity designating the information as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY shall bear the burden of establishing that good cause exists for the disputed information to be treated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY.

8.12.   Unless other arrangements are agreed upon in writing by the parties, within 30 days of the final determination of this action, each person or party who has received CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information shall be obligated to return the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, including any copies, to the designating party, or the receiving party may elect to destroy the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information, including any copies, and certify that it has been destroyed.  The receiving party, however, need not destroy or return (a) any Confidential information that it is required by law to maintain or (b) one archival copy of all deposition transcripts and all materials filed with the Court, regardless of whether such materials (including exhibits and appendices) contain or refer to CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information.

9.13.   Any request to restrict public access to materials designated as CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY pursuant to this Protective Order must comply with the requirements of D.C.COLO.LCivR 7.2. If a party, person, or entity is filing, or intends to use during a hearing, the CONFIDENTIAL or CONFIDENTIAL – ATTORNEYS' EYES ONLY information of another, including a non-

party or third-party to this lawsuit, then the party, person, or entity must give the original designator of the information reasonable notice in order to allow the original designator of the information the opportunity to comply with the requirement of D.C.COLO.LCivR 7.2.  The party, person, or entity seeking to restrict a document filed with the Court shall bear the burden of establishing that the document should be restricted.

     10.14.   This Protective Order may be modified by the Court at any time for good cause shown following notice to all parties and an opportunity for them to be heard.

DATED: \_\_\_\_, 2023

BY THE COURT:

_____
S. Kato Crews
United States Magistrate Judge