# **Exhibit 25** to
# The Governor's Motion for Summary Judgment

## *Plaintiffs' Initial Disclosures*

*Gates et al. v. Polis*, No. 1:22-cv-1866-GPG-SKC (D. Colo.)

September 11, 2023

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLORADO**

**Civil Action No. 22-cv-1866-NYW-SKC**

BENJAMIN GATES,
TRAVIS SWARTZ
KARL HONEGGER, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.

      Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

      Defendant.

---

**PLAINTIFFS' INITIAL DISCLOSURES**

---

Plaintiffs Benjamin Gates ("Gates"), Travis Swartz ("Swartz") Karl Honegger ("Honegger") and National Foundation for Gun Rights, Inc. ("NFGR") submit the following initial disclosures pursuant to Fed.R.Civ.P. 26(a)(1)(A):

1.  The name and, if known, the address and telephone number of each individual likely to have discoverable information--along with the subjects of that information--that the disclosing party may use to support its claims or defenses, unless the use would be solely for impeachment.

    1.  Benjamin Gates, c/o Plaintiffs' counsel.  Mr. Gates will have information regarding his desire to exercise his Second Amendment rights and how Colorado's standard capacity magazine ban infringes on that right.

    2.  Travis Swartz, c/o Plaintiffs' counsel.  Mr. Swartz will have information regarding his desire to exercise his Second Amendment rights and how Colorado's standard capacity magazine ban infringes on that right.

3.  Karl Honegger, c/o Plaintiffs' counsel.  Mr. Honegger will have information regarding his desire to exercise his Second Amendment rights and how Colorado's standard capacity magazine ban infringes on that right.

4.  A representative of the National Foundation for Gun Rights, Inc., c/o Plaintiffs' counsel.  A representative of NFGR will have information regarding its members' desire to exercise their Second Amendment rights and how Colorado's standard capacity magazine ban infringes on that right.

5.  All persons who submit declarations and/or affidavits in this case concerning the subject matter of such declarations/affidavits.

6.  Any person necessary for impeachment or rebuttal.

7.  Any person disclosed by any other party.

8.  Any persons necessary to authenticate or lay the foundation for any exhibit.

2.  A copy--or a description by category and location--of all documents, electronically stored information, and tangible things that the disclosing party has in its possession, custody, or control and may use to support its claims or defenses, unless the use would be solely for impeachment.

1.  Any document attached or referred to in any pleading.

2.  Any document necessary for impeachment and/or rebuttal.

3.  Any document disclosed by any other party.

3.  A computation of each category of damages claimed by the disclosing party--who must also make available for inspection and copying as under Rule 34 the documents or other evidentiary material, unless privileged or protected from disclosure, on which each computation is based, including materials bearing on the nature and extent of injuries suffered; and

N/A

4.  For inspection and copying as under Rule 34, any insurance agreement under which an insurance business may be liable to satisfy all or part of a possible judgment in the action or to indemnify or reimburse for payments made to satisfy the judgment.

N/A

December 15, 2022

*/s/ Barry K. Arrington*

_____

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Voice:  (303) 205-7870
Email:  barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*