# Exhibit 36 to
# The Governor's Motion for Summary Judgment

*Benjamin Gates Interrogatory Responses*

*Gates et al. v. Polis*, No. 1:22-cv-1866-GPG-SKC (D. Colo.)

September 11, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-1866-NYW-SKC**

BENJAMIN GATES,
TRAVIS SWARTZ
KARL HONEGGER, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.

      Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

      Defendant.

---

**BENJAMIN GATES' RESPONSES TO
DEFENDANT'S FIRST SET OF INTERROGATORIES**

---

      Benjamin Gates submits the following responses to Defendants' first set of interrogatories:

      1. List the make and manufacturer of each Firearm that you currently possess, and for each, indicate the manner in which the firearm accepts ammunition, for example, through a detachable magazine, a fixed magazine, or a tubular magazine.

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of firearm regulation. Information about the types of firearms Plaintiffs possess is not even tangentially relevant to that question.

      2. List the make and manufacturer of each detachable magazine you own, and for each detachable magazine, indicate the maximum number of bullets or other projectiles the magazine can accept without being extended or otherwise modified.

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of firearm regulation. Information about the magazines I currently possess is not relevant to that question.

Moreover, in *D.C. v. Heller*, 554 U.S. 570, 629 (2008), the Court specifically held that the type of information sought by Defendant is not relevant. The stated: "It is no answer to say, as petitioners do, that it is permissible to ban the possession of handguns so long as the possession of other firearms (i.e., long guns) is allowed." As application to this case, it is no answer to say, as Defendant does, that it is permissible to ban the possession of certain commonly held magazines so long as possession of other magazines is allowed.

**RESPONSE**: Without waiving this objection, I state that I own several pre-ban magazines.

3. List and describe each incident in which you have discharged a Firearm in self-defense, including: the circumstances surrounding the incident; the number of shots you fired in self-defense; the Firearm you used; the weapon, if any, carried by your assailant; the City and State in which the incident occurred; and whether any police report documenting the incident exists.

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of firearm regulation. Information about the Plaintiffs' self-defense encounters, if any, is not relevant to that question.

4. For each Firearm listed in response to Interrogatory Number 1, describe the last time you discharged that Firearm, including the approximate date and the circumstances surrounding the discharge. For example, whether it was while hunting, sport shooting, or in self- defense.

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of

firearm regulation. Information about the Plaintiffs' self-defense encounters, if any, is not relevant to that question.

   5. Are any of the Firearms you listed in response to Interrogatory Number 1 incapable of operating without utilizing a Large Capacity Magazine?

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of firearm regulation. Information about the Plaintiffs' firearms is not relevant to that question.

**RESPONSE**: Without waiving this objection, I state that any firearm that utilizes a detachable magazine can operate even if the State were to limit magazine capacity to one round, thus requiring the magazine to be replaced after each shot is fired.

   6. For each Large Capacity Magazine that you own, describe the state of the magazine, including whether the magazine is still operable and how many times you have discharged a Firearm using that magazine.

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of firearm regulation. Information about the condition of magazines Plaintiffs acquired before July 1, 2013 is not relevant to that question. Information about how many times I have discharged a firearm using each of my magazines is also not relevant to that question.

**RESPONSE**: Without waiving this objection, I state that my magazines are in various states of repair.

   7. For any of the Firearms you listed in response to Interrogatory Number 1 that use detachable magazines, describe your successful efforts to acquire detachable magazines of 15 rounds or fewer for use with the aforementioned Firearms, including the date of the purchase(s) and from what source the detachable magazine(s) of 15 rounds or fewer was purchased.

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle &*

*Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of firearm regulation. Information about Plaintiffs' efforts to acquire non-banned magazines is not relevant to that question.

**RESPONSE**: Without waiving this objection, I state that I have not kept records of the dates and sources of the non-banned magazines I have acquired in the last 10 years.

8. For any of the Firearms you listed in response to Interrogatory Number 1 that use detachable magazines, if you have attempted to, but been unable to, acquire a detachable magazine of 15 rounds or fewer for use with the aforementioned Firearms, describe the efforts you took to acquire such a magazine, including, but not limited to, the date of the attempted purchase(s) and the retailers or distributors you visited in person or online.

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of firearm regulation. Information about Plaintiffs' efforts to acquire non-banned magazines is not relevant to that question.

**RESPONSE**: Without waiving this objection, I state that I have not been unable to acquire magazines that have not been banned by the State of Colorado.

Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I have reviewed the foregoing, that I am competent to testify in this matter, and that the facts contained therein are true and correct.

_____
Benjamin Gates
May 4, 2023


As to form and objections:

*/s/ Barry K. Arrington*

_____

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033

(303) 205-7870
Email:  barry@arringtonpc.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

I hereby certify that on May 4, 2023, I emailed the foregoing to:

leann.morrill@coag.gov
emily.buckley@coag.gov
daniel.magalotti@coag.gov
peter.baumann@coag.gov

*/s/ Barry K. Arrington*
_____
Barry K. Arrington