# Exhibit 46 to
# The Governor's Motion for Summary Judgment

*National Foundation for Gun Rights*
*Interrogatory Responses*

*Gates et al. v. Polis*, No. 1:22-cv-1866-GPG-SKC (D. Colo.)

September 11, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1866-NYW-SKC

BENJAMIN GATES,
TRAVIS SWARTZ
KARL HONEGGER, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

    Defendant.

---

### NATIONAL FOUNDATION FOR GUN RIGHTS, INC.'S RESPONSES TO DEFENDANT'S FIRST SET OF INTERROGATORIES

---

National Foundation for Gun Rights, Inc. submits the following responses to Defendant's first set of interrogatories:

1. Describe the membership structure of the National Foundation for Gun Rights, Inc., including the term of membership (e.g., monthly, annual, or lifetime), the dues paid by members, and the methods by which the membership of the National Foundation for Gun Rights, Inc., directs and controls the actions of the National Foundation for Gun Rights, Inc.

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of firearm regulation. Information about the membership structure of the National Foundation for Gun Rights, Inc. is not relevant to that question.

**RESPONSE**: Without waiving these objections, the Foundation states: The Foundation considers all persons who have expressed their support for its mission by donating to its cause and/or signing its engagement devices to be member (an "engagement device" is a reply sheet enclosed in a program communication by mail, email, text, social media, website or any other communication medium). Additionally, the Foundation considers members of the National

Association for Gun Rights to be Foundation members as well. There are no formal terms of membership. The members do not have formal legal control over the Foundation's actions.

    2. Describe how the leadership and/or Board of Directors of the National Association for Gun Rights, Inc., is selected, including the role the members of the National Association for Gun Rights, Inc., play in that selection.

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of firearm regulation. Information about how the leadership and/or Board of Directors of the National Association for Gun Rights, Inc. is selected is not relevant to that question.

**RESPONSE**: Without waiving these objections, the Foundation states that pursuant to the National Association for Gun Rights' bylaws, the Board of Directors is selected by the Board of Directors, and all other senior leadership is appointed by the President. There are no voting members and the supporting members of the National Association for Gun Rights, Inc. have no role in this selection.

    3. Describe who at the National Foundation for Gun Rights, Inc., is ultimately responsible for determining which firearms restrictions to challenge through litigation, including how the membership of the National Foundation for Gun Rights, Inc., are able to influence or control this individual or individuals.

**OBJECTION**: The evidence sought is not relevant to any party's claims or defenses nor proportional to the needs of the case. The issue in this case is whether the State's ban on commonly held magazines violates the Second Amendment. Under *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111 (2022), that issue is resolved by determining whether the plain text of the Second Amendment covers Plaintiffs' conduct and, if so, whether Defendant can demonstrate that the ban is consistent with the Nation's history and tradition of firearm regulation. Information who at the National Foundation for Gun Rights, Inc. is ultimately responsible for determining which firearms restrictions to challenge through litigation is not relevant to that question.

**RESPONSE**: Without waiving these objections, the Foundation states that final decisions on which firearms restrictions to challenge through litigation are made by the President, with the advice and recommendations of Foundation staff and/or senior leadership, and subject ultimately to the Board of Directors pursuant to the Foundation's bylaws. The membership of the Foundation is able to influence these individuals either by expressing support for various lawsuits, issues, or projects by donating, interacting with digital media, signing related petitions

and/or engagement devices, or by contacting staff to bring particular restrictions to their attention.

   Pursuant to 28 U.S.C. § 1746, I declare under penalty of perjury that I have reviewed the foregoing, that I am competent to testify in this matter, and that the facts contained therein are true and correct.

_____
Hannah Hill
May 18, 2023


As to form and objections:

/s/ Barry K. Arrington

_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
(303) 205-7870
Email:  barry@arringtonpc.com
*Attorney for Plaintiffs*

## CERTIFICATE OF SERVICE

   I hereby certify that on May ____, 2023, I emailed the foregoing to:

leann.morrill@coag.gov
emily.buckley@coag.gov
daniel.magalotti@coag.gov
peter.baumann@coag.gov

/s/ Barry K. Arrington

_____
Barry K. Arrington