IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

| | |
|---|---|
| BENJAMIN GATES, ET AL., <br><br> Plaintiffs, <br><br> v. <br><br> JARED S. POLIS, in his official capacity as Governor for the State of Colorado <br><br> Defendant. | Civil Action No. 1:22-cv-01866-GPG-SKC |

**MOTION OF BRADY CENTER TO PREVENT GUN VIOLENCE, GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE, AND MARCH FOR OUR LIVES FOR LEAVE TO FILE *AMICI CURIAE* BRIEF IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND IN OPPOSITION TO PLAINTIFFS' MOTION FOR SUMMARY JUDGMENT**

1.  Brady Center to Prevent Gun Violence ("Brady"), Giffords Law Center to Prevent Gun Violence ("Giffords Law Center") and March for Our Lives ("MFOL") (collectively, the "Gun Violence Prevention Groups") hereby move for leave to file the attached brief, as *amici curiae*, in support of Defendant's motion for summary judgment and in opposition to Plaintiffs' motion for summary judgment. The proposed brief is attached.

2.  Undersigned counsel Timothy C. Hester hereby certifies that counsel for *amici* conferred in good faith with counsel for Plaintiffs and counsel for Defendant in the above-captioned matter on the relief requested in this motion. Plaintiffs and Defendant consent to the filing of the attached *amici* brief.

3.  *Amicus curiae* Brady is the nation's most longstanding non-partisan, non-profit organization dedicated to reducing gun violence through education, research, legal advocacy and political action. Brady has filed numerous *amicus* briefs in cases involving the constitutionality

1

of firearms regulations, and multiple decisions have cited Brady's research and expertise on these issues.

4. *Amicus curiae* Giffords Law Center promotes and defends the laws and policies proven to reduce gun violence, and advocates for the interests of gun owners and law enforcement officials who understand that Second Amendment rights have always been consistent with gun safety legislation and community violence-prevention strategies. Giffords Law Center has filed numerous *amicus* briefs involving firearms regulations and constitutional principles affecting gun policy.

5. *Amicus curiae* MFOL is a youth-led non-profit organization dedicated to promoting civic engagement, education and direct action by youth to achieve sensible gun violence prevention policies that will save lives. MFOL has filed numerous *amicus* briefs in cases involving firearms regulations.

6. District courts "have broad discretion in determining whether to allow participation by *amicus curiae*." *Sgaggio v. Young*, No. 20-cv-01977, 2022 WL 970008, at *4 (D. Colo. Mar. 31, 2022). Courts have recognized the utility of amicus briefs to "assis[t] the court in cases of general public interest . . . so that the court may reach a proper decision." *Newark Branch, N.A.A.C.P. v. Town of Harrison, N.J.*, 940 F.2d 792, 808 (3d Cir. 1991) (quotation marks and citation omitted); *see also Gates Rubber Co. v. Bando Chem. Indus., Ltd.*, 9 F.3d 823, 831 n.3 (10th Cir. 1993) ("The court was aided in its analysis of the copyright law concerning computer programs by briefs submitted by amicus curiae.").

7. "Even when a party is very well represented, an amicus may provide important assistance to the court," *Neonatology Assocs., P.A. v. C.I.R.*, 293 F.3d 128, 132 (3d Cir. 2002), by "[o]ffering a different analytical approach to the legal issues before the court," "[h]ighlighting

factual, historical, or legal nuance," "[r]elaying views on legal questions by employing the tools of social science," "[s]upplying empirical data," or "[i]dentifying how other jurisdictions . . . have approached one or another aspect of a legal question," *Prairie Rivers Network v. Dynegy Midwest Generation, LLC*, 976 F.3d 761, 763 (7th Cir. 2020); *see also Washington All. of Tech. Workers v. Dep't of Homeland Sec.*, 50 F.4th 164, 193 (D.C. Cir. 2022) (district courts have "broad discretion to allow amicus briefs when they provide unique information or perspective that can help the [c]ourt beyond the help that the lawyers for the parties are able to provide" (quotation marks and citations omitted)).

8. "[T]he usefulness of the proposed brief is the most important factor for the Court to consider." *Sec. & Exch. Comm'n v. Cetera Advisors LLC*, No. 19-cv-02461, 2020 WL 13470960, at *3 (D. Colo. Aug. 25, 2020); *see also High Country Conservation Advocs. v. United States Forest Serv.*, 333 F. Supp. 3d 1107, 1116–17 (D. Colo. 2018), *vacated and remanded on other grounds*, 951 F.3d 1217 (10th Cir. 2020) ("[T]he Court finds [*amici*'s] unique perspective helpful in understanding and analyzing the issues presented."); *see also Shapiro v. Rynek*, 250 F. Supp. 3d 775, 780 (D. Colo. 2017) ("not[ing] and commend[ing] the eloquent briefs of the *amicus curiae*").

9. The Gun Violence Prevention Groups have "unique information or perspective that can help the [c]ourt." *Washington All. of Tech. Workers*, 50 F.4th at 193 (quotation marks and citations omitted). In particular, the Gun Violence Prevention Groups have extensive experience in research, programs, legislative advocacy, and litigation concerning gun violence prevention policies. They also provide unique perspectives based on the experiences of those whose lives have been altered by the epidemic of gun violence.

10. Reflecting the productive contribution that the Gun Violence Prevention Groups can make to the resolution of the issues before the Court, one federal district court relied on several passages from an *amicus* brief filed by the Gun Violence Prevention Groups in the District Court for the District of Columbia in an analogous challenge to a large-capacity magazine restriction. *See Hanson v. District of Columbia*, No. 22-cv-2256, 2023 WL 3019777, at *2, *10 & n.8, *14 & n.10, *16 (D.D.C. Apr. 20, 2023), *appeal docketed*, No. 23-7061 (D.C. Cir. May 17, 2023) (quoting or citing to the *amici* brief of the Gun Violence Prevention Groups). Another federal district court recently cited more than half a dozen times to *amici* briefs filed by the Gun Violence Prevention Groups in the District Court for the District of Connecticut in defense of another analogous large-capacity magazine restriction. *See NAGR v. Lamont*, No. 3:22-1118, 2023 WL 4975979, at *12 & n.7, *21 & n.30, *27, *32 & n.52 (D. Conn. Aug. 3, 2023), *appeal docketed*, No. 23-1162 (2d Cir. Aug. 16, 2023) (quoting or citing to the *amici* brief filed by Brady and MFOL and the *amicus* brief filed by Giffords Law Center).

11. In the accompanying *amicus* brief, the Gun Violence Prevention Groups undertake to assist the Court in this "case[] of general public interest," *Newark Branch, N.A.A.C.P.*, 940 F.2d at 808, by supplementing the efforts of counsel and by providing "unique information or perspective that can help the [c]ourt," *Washington All. of Tech. Workers*, 50 F.4th at 193 (quotation marks and citations omitted).

WHEREFORE, the Gun Violence Prevention Groups respectfully request leave of the Court to file the attached brief as *amici curiae*.

4

Dated: September 18, 2023

*Of Counsel:*

Daniel Weltz
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
DWeltz@cov.com

Douglas N. Letter
Shira Lauren Feldman
BRADY CENTER TO PREVENT GUN VIOLENCE
840 First Street, NE Suite 400
Washington, DC 20002
(202) 370-8100
dletter@bradyunited.org
sfeldman@bradyunited.org

Esther Sanchez-Gomez
GIFFORDS LAW CENTER TO PREVENT GUN VIOLENCE
268 Bush St. #555
San Francisco, CA 94104
(415) 433-2062
esanchezgomez@giffords.org

Ciara Wren Malone
MARCH FOR OUR LIVES
90 Church Street # 3417
New York, NY 10008
(913) 991-4440
ciara.malone@marchforourlives.com

Respectfully submitted,

/s/ Timothy C. Hester

Timothy C. Hester (*admitted pro hac vice*)
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
thester@cov.com

*Counsel for Amici Curiae*

5

## CERTIFICATE OF SERVICE

I hereby certify that on September 18, 2023, an electronic copy of the foregoing was filed with the Clerk of Court for the United States District Court for the District of Colorado using the Court's *CM-ECF* system and was served electronically by the Notice of Docket Activity upon registered *CM-ECF* participants.

Dated: September 18, 2023

Respectfully submitted,

/s/ Timothy C. Hester
Timothy C. Hester
COVINGTON & BURLING LLP
One CityCenter
850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
thester@cov.com