IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-1866-GPG-SKC**

BENJAMIN GATES,
TRAVIS SWARTZ
KARL HONEGGER, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.

  Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

  Defendant.

## MOTION TO RESTRICT

Plaintiffs Benjamin Gates ("Gates"), Travis Swartz ("Swartz") Karl Honegger ("Honegger") and National Foundation for Gun Rights, Inc. ("NFGR") submit the following Motion to Restrict pursuant to D.C.Colo.LCivR 7.2(e).

Certification: Plaintiffs' counsel has conferred with Defendant's counsel regarding this motion. Defendant opposes this motion.

**I.  Introduction**

The Court entered its Protective Order on April 6, 2023 (ECF 48). Pursuant to Section 8 of the Protective Order, Plaintiffs designated certain documents and deposition responses as "Confidential." On September 11, 2023, Defendant filed his

1

motion for summary judgment (ECF 77). Defendant simultaneously filed a notice (ECF 75) in which he stated:

> Both the Motion [for Summary Judgment], and several exhibits attached to the Motion, include information that has been marked as "Confidential" by Plaintiffs under the Protective Order (D. 48). Those documents are:
>
> 1. The Governor's Motion for Summary Judgement;
>
> 2. Exhibit 33 to the Governor's Motion for Summary Judgment, Deposition Transcript of Travis Swartz;
>
> 3. Exhibit 38 to the Governor's Motion for Summary Judgment, K. Honegger's Interrogatory Responses;
>
> 4. Exhibit 42 to the Governor's Motion for Summary Judgment, Plaintiffs' Supplemental Interrogatory Responses;
>
> 5. Exhibit 43 to the Governor's Motion for Summary Judgment, Deposition Transcript of B. Gates;
>
> 6. Exhibit 44 to the Governor's Motion for Summary Judgment, Deposition Transcript of K. Honegger.
>
> The Governor does not believe that the information marked confidential in these filings implicates a common law or statutory privacy interest sufficient to justify restricting access to these documents. However, consistent with the Protective Order and to give Plaintiffs an opportunity to invoke D.C.Colo.LCivR 7.2(c), the Governor provisionally files these documents under a Level 1 restriction. …

Plaintiffs appreciate the Governor's compliance with the Protective Order. However, they disagree that the materials they marked confidential do not implicate any privacy interest. Accordingly, they hereby move the Court to continue the Level 1 restriction under which they were originally filed.

## II. Standard of Review

Under Local Rule 7.2(c) a party seeking to restrict access must: (1) identify the specific document for which restriction is sought; (2) identify the interest to be protected and the reasons why that interest outweighs the presumption of public access; (3) identify a clear injury that would result if access is not restricted; and (4) explain why alternatives to restricted access— such as redaction, summarization, stipulation, or partial restriction—are not adequate. D.C.COLO.LCivR 7.2(c)(1)-(4). *Access v. Atl. Specialty Ins. Co.*, 2022 WL 1203213, at *2 (D. Colo. Apr. 22, 2022).

## III. Argument

### A. Specific Documents for Which Restriction Sought

Plaintiffs seek to continue Level 1 restriction for the documents previously filed by the Governor under that restriction level.

### B. Plaintiffs' Privacy Interest Outweighs the Presumption of Public Access

The material for which Plaintiffs seek protection reveals the specific details of their firearm ownership. Plaintiffs seek protection from disclosure of this information to vindicate their right to privacy in such information.

Firearms and gun rights advocates face stigma. Jody Lyneé Madeira, *A Secret Weapon?: Applying Privacy Doctrine to the Second Amendment*, 46 Hastings Const. L.Q. 555, 560 (2019). Certain firearm types, accessories, and use are morally controversial. *Id*. As the court in *Mager v. State, Dep't of State Police*, 595 N.W.2d 142, 146–47 (1999), noted, the "ownership and use of firearms is a

3

controversial subject, as to which partisans of many stripes hold strong views." Moreover, knowledge regarding the details of a citizens' firearm ownership may make his "house a target of thieves, and thus endanger its occupants." *Id*. 595 N.W.2d at 147. "A citizen's decision to purchase and maintain firearms is a personal decision of considerable importance." *Id*. Thus, there is "no doubt that gun ownership is an intimate or, for some persons, potentially embarrassing detail of one's personal life." *Id*. Based on these considerations, the Michigan Supreme Court held that under any "reasonable balancing" between the privacy interest implicated by firearm ownership and public disclosure, such disclosure would be "unwarranted." *Id*. 595 N.W.2d at 148. The Court concluded: "For the reasons stated in this opinion, we hold that gun ownership is information of a personal nature and that disclosure of the information would constitute a clearly unwarranted invasion of an individual's privacy." *Id*. (internal citation and quotation marks omitted).

Colorado recognizes this right to privacy in the details of firearms ownership. That is why Colorado laws forbids the government from maintaining any list or database of firearm purchases (C.R.S. § 29-11.7-102) or a statewide database of concealed carry permits (C.R.S. § 18-12-206(3)). Moreover, information about concealed carry permits may be released only to other law enforcement agencies for law enforcement purposes, not the general public. C.R.S. § 18-12-206(3)(a).

In the context of litigation challenging firearms restrictions, these privacy interests are particularly important. Plaintiffs should not be faced with the prospect of foregoing their privacy rights at the hands of the very governmental actors they are challenging in order vindicate their Second Amendment rights. As Professor Madeira aptly noted, openness and transparency in judicial proceedings is an important interest, but "the consequences for gun rights supporters are more stark: either risk exposure and harassment to fight perceived injustice, or forego exposure and opportunities to reform the law." Madeira, *supra*, 46 Hastings Const. L.Q. at 570.

### C.     Injury That Would Result of Access is Restricted

They harms that would result if access is not restricted are discussed in the previous section.

### D.     The Governor Has Rejected Alternatives to Restriction

Plaintiffs believe that alternatives to restriction would be adequate to protect their interests and have offered such alternatives. The Governor has, however, rejected their offer. For example, the Governor says that this information is important to his case, because he wants to demonstrate that Plaintiffs' firearms will operate with magazines that have a capacity of 15 or fewer rounds. Plaintiffs offered to stipulate that all of their firearms will operate with magazines that have a capacity of 15 or fewer rounds. The Governor apparently does not believe this is sufficient to establish the matter. Plaintiffs remain willing to discuss possible alternatives to disclosure, such as summarization and stipulation.

### IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request the Court to enter an order continuing the Level 1 restriction of the restricted material filed by the Governor with his summary judgment motion.

*/s/ Barry K. Arrington*
_____

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Voice:  (303) 205-7870
Email:  barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on September 21, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*
_____

Barry K. Arrington