IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Judge Gordon P. Gallagher

Civil Action No. 22-cv-01866-GPG-SKC

BENJAMIN GATES,
TRAVIS SWARTZ,
KARL HONEGGER, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.,

      Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado,

      Defendant.

---

## ORDER

Before the Court is the Motion of Brady Center to Prevent Gun Violence, Giffords Law Center to Prevent Gun Violence, and March for Our Lives for Leave to File *Amici Curiae* Brief in Support of Defendant's Motion for Summary Judgment and in Opposition to Plaintiffs' Motion for Summary Judgment (the Amicus Motion) (D. 82). For the reasons stated below, the Amicus Motion is GRANTED.

No procedural rule governs when amicus briefs may be filed, and the Tenth Circuit has not specified any standard governing district courts' ability to consider amicus briefs. *Oregon-California Trails Ass'n v. Walsh*, 467 F. Supp. 3d 1007, 1073 (D. Colo. 2020); *Medina v. Cath. Health Initiatives*, No. 113CV01249-REB-KLM, 2015 WL 13683647, at *1 (D. Colo. Oct. 7, 2015). Accordingly, this Court has "broad discretion in allowing participation of *amicus curiae*."

1

*Medina*, 2015 WL 13683647, at *1; *see also Robert v. Austin*, No. 21-CV-02228-RM-STV, 2022 WL 103374, at *2 (D. Colo. Jan. 11, 2022) ("Participation as an amicus . . . is a privilege within the sound discretion of the courts . . . ."). Though there is no binding test for determining when amicus participation is appropriately allowed, other courts within this District have applied a five-factor analysis when making this decision, considering:

> (1) whether the proposed amicus is a disinterested entity; (2) whether there is opposition to the entry of the amicus; (3) whether counsel is capable of making arguments without the assistance of an amicus; (4) the strength of the information and argument presented by the potential amicus curiae's interests; and, perhaps most importantly (5) the usefulness of information and argument presented by the potential amicus curiae to the court.

*Medina*, 2015 WL 13683647, at *1 (quoting *Wildearth Guardians v. Lane*, 2012 WL 10028647 at *1 (D.N.M. June 20, 2012)).

The Court views these factors as instructive here. Of particular note, the Amicus Motion is unopposed. Further, the Court—based on a preliminary review—finds that the proposed brief is thoughtful, well-organized, and provides a useful survey of how district courts have applied *New York State Rifle & Pistol Association v. Bruen*, 142 S. Ct. 2111 (2022) to Second Amendment challenges to state firearms restrictions. Although the parties are capably represented, these factors counsel strongly in favor of allowing the prospective *amicus curiae* to file their proposed brief. The Court therefore GRANTS the Amicus Motion.

Because the parties' pending motions for summary judgment present questions on an evolving area of law, the Court would welcome briefs from additional *amici* and from additional perspectives. Should Plaintiffs wish to pursue an amicus strategy of their own, the Court would certainly be receptive. That said, the Court reserves the rights (1) not to consider briefs that it finds

unhelpful (e.g., because they duplicate information contained in existing filings, are poorly organized, or contain information irrelevant to the Court's analysis); (2) to order the parties to make supplemental submissions responsive to issues *amici* raise; and (3) to limit *amici* participation if it becomes distracting or threatens to compromise the parties' ability to direct this litigation.

Based on the foregoing, it is ordered that:

1. The Amicus Motion (D. 82) is GRANTED.

2. Any *amicus curiae* may file a motion for leave to file a brief concerning issues relevant to the pending motions for summary judgment **no later than November 30, 2023.** Any such motion should:

   a. State the movant's identity and interest in the case;

   b. Indicate the movant's position on the pending motions for summary judgment; and

   c. Include a proposed brief.

3. Should Plaintiffs or Defendant wish to file supplemental briefing responding to arguments raised in any amicus brief, they must seek leave from the Court within 30 days of the date such brief is filed. The Court will otherwise deem responsive arguments waived.

DATED October 10, 2023.

BY THE COURT:

Gordon P. Gallagher
United States District Judge