# Attachment B

to the Governor's Renewed Motion for Ruling that Fact Stipulations from Previous Cases are Not Binding

Stipulation of Undisputed Facts, *Cooke, et al. v. Hickenlooper*, No. 13-cv-01300-MSK-MJW, D. 53 (July 8, 2013)

**October 13, 2023**

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 13-cv-01300-MSK-MJW

JOHN B. COOKE, Sheriff of Weld County, Colorado, *et al.*

    Plaintiffs,

v.

JOHN W. HICKENLOOPER, Governor of the State of Colorado,

    Defendant.

## STIPULATION OF UNDISPUTED FACTS

The parties stipulate and agree that the following facts are undisputed:

1. Subject to certain exceptions, Colorado House Bill 13-1224 ("HB 1224") criminalizes the sale, transfer, and possession of "large capacity magazines."

2. HB 1224 defines "large capacity magazine" as, among other things, "a fixed or detachable magazine, box, drum, feed strip, or similar device capable of accepting, or that is designed to be readily converted to accept, more than fifteen rounds of ammunition." According to HB 1224, "'large capacity magazine' does not mean," among other things, "a feeding device that has been permanently altered so that it cannot accommodate more than fifteen rounds of ammunition."

3. HB 1224 provides that "a person may possess a large capacity magazine if he or she: (I) owns the large capacity magazine on" July 1, 2013, "and (II) maintains continuous possession of the large capacity magazine." "Continuous possession" is not defined in HB 1224.

4. Plaintiffs Dylan Harrell and David Bayne are disabled individuals who are confined to wheelchairs. They own firearms for self-defense in the home, with detachable magazines of more than 15 rounds.

5. Plaintiff David Strumillo is a retired police officer. He is authorized to carry a concealed firearm in all states and U.S. territories pursuant to the Law Enforcement Officers Safety Act, 18 U.S.C. § 926B, 926C. Mr. Strumillo owns and

carries firearms for self-defense. Some of the firearms are equipped with detachable magazines of more than 15 rounds.

6. Defendant John Hickenlooper is the Governor of the State of Colorado. The Colorado Constitution vests in the governor "the supreme executive power of the state," and requires the governor to "take care that the laws be faithfully executed."

7. On March 20, 2013, Governor Hickenlooper signed HB 1224 into law. HB 1224 took effect July 1, 2013. In a statement issued at the time he signed HB 1224, Governor Hickenlooper stated that "the large-capacity magazine ban should be construed narrowly to ensure compliance with the requirements of the Second Amendment and the Due Process Clause of the 14th Amendment." Through that statement, he "direct[ed] the Colorado Department of Public Safety to consult with the Office of the Attorney General and others, as necessary, with respect to the interpretation of HB13-1224's large-capacity magazine ban, and then to draft and issue, to law enforcement agencies in the State of Colorado, technical guidance on how the law should be interpreted and enforced. This work should be done by July 1, 2013, the law's effective date."

8. On May 16, 2013, the Attorney General of Colorado issued a letter to James H. Davis, Executive Director of the Colorado Department of Public Safety. The letter sets forth the technical guidance requested by the Governor.

9. With respect to the phrase "designed to be readily converted to accept more than fifteen rounds of ammunition," the letter explains that the term "designed," when used as a modifier, "denotes a feature that meets a specific function," and "suggests that design features that fulfill more than one function, and whose function is not specifically to increase the capacity of a magazine, do not fall under the definition." Thus, the letter explains that "[t]he features of a magazine must be judged objectively to determine whether they were 'designed to be readily converted to accept more than fifteen rounds'": "a magazine that accepts fifteen or fewer rounds is not a 'large capacity magazine' simply because it includes a removable baseplate which may be replaced with one that allows the magazine to accept additional rounds. On many magazines, that design feature is included specifically to permit cleaning and maintenance."

10. The letter further explains that with respect to the phrase "maintains continuous possession" in the grandfather clause of HB 1224, "[r]esponsible maintenance, handling, gun safety practices, as well as constitutional principles, dictate that these provisions cannot be reasonably construed as barring the temporary transfer of a large-capacity magazine by an individual who remains in the continual physical presence of the temporary transferee . . . ." In addition, the

letter explains that HB 1224's "requirement that an owner must maintain 'continuous possession' in order to ensure the application of the grandfather clause cannot reasonably be read to require continuous physical possession. Proper storage of a large-capacity magazine, such as in a gun safe in the owner's home or in a secure carrying case in the trunk of an automobile, is entirely consistent with the bill's intent of limiting the acquisition and permanent transfer of large-capacity magazines after the effective date of July 1, 2013."

11. Mr. Strumillo is the bailee of magazines of more than 15 rounds on behalf of a friend who is currently serving overseas in the United States Armed Forces.

12. Multiple types of magazines are manufactured in the United States and available for purchase in the State of Colorado. These include detachable box magazines, as well as tube or fixed magazines fixed to a firearm.

13. Magazines may be purchased independently of firearms.

14. Magazines are integral to the use of many types of firearms, including semiautomatic handguns and rifles.

15. Not all magazines function with the same level of effectiveness or reliability.

16. Most box magazines contain base plates (also known as floor plates).

17. Magazines capable of accepting more than fifteen rounds of ammunition are manufactured in the United States and are typically used for lawful purposes by Americans, including citizens of Colorado.

18. Gun owners routinely leave their firearms with licensed gunsmiths for repair and maintenance.

19. Necessary repair and maintenance of firearms is an important aspect of responsible gun ownership.

20. Plaintiff firearms dealers currently have existing inventories of magazines with removable base plates and end caps.

21. Magazines capable of accepting no more than fifteen rounds of ammunition are manufactured in the United States and are available for purchase in the State of Colorado.

22. Plaintiff Magpul manufactures magazines that hold ten rounds and have removable baseplates.

23. Components such as limiters that can decrease the capacity of magazines are manufactured in the United States.

24. There are magazines manufactured to accommodate no more than fifteen rounds of ammunition that can be converted to accept additional ammunition.

25. Base and floor plates and end caps may be either removable or permanently affixed. However, most magazines contain removable base and floor plates or end caps.

26. Removable base and floor plates allow for cleaning and maintenance.

27. A removable base or floor plate or end cap alone does not increase a magazine's capacity.

28. Magazines with removable base or floor plates or end caps may accept additional components, such as extensions, that increase capacity.

29. Components that can increase the capacity of magazines are manufactured in the United States.

30. Magazines that have not been converted to accept additional ammunition are in use.

DATED this 8th day of July, 2013.

Counsel for Plaintiffs:

s/David B. Kopel
David B. Kopel
INDEPENDENCE INSTITUTE
727 East 16th Avenue
Denver, CO 80203
Phone: (303) 279-6536
Fax: (303) 279-4176
Email: david@i2i.org
ATTORNEY FOR SHERIFFS AND DAVID STRUMILLO

s/Douglas L. Abbott
Douglas L. Abbott
HOLLAND & HART LLP
Post Office Box 8749
Denver, CO 80201-8749
Phone: (303) 295-8566
Fax: (303) 672-6508
Email: jmanderson@hollandhart.com

ATTORNEYS FOR MAGPUL INDUSTRIES AND THE NATIONAL SHOOTING SPORTS FOUNDATION

s/Richard A. Westfall
Richard A. Westfall
HALE WESTFALL LLP
1445 Market Street, Suite 300
Denver, CO 80202
Phone: (720) 904-6022
Fax: (720) 904-6020
Email: rwestfall@halewestfall.com

ATTORNEYS FOR DISABLED CITIZENS, OUTDOOR BUDDIES, INC., THE COLORADO OUTFITTERS ASSOCIATION, COLORADO FARM BUREAU, WOMEN FOR CONCEALED CARRY, AND COLORADO YOUTH OUTDOORS

s/Marc F. Colin
Marc F. Colin
BRUNO COLIN JEWELL & LOWE PC
1999 Broadway, Suite 3100
Denver, CO 80202-5731
Phone: (303) 831-1099
Fax: (303) 831-1088
Email: mcolin@bcjlpc.com

ATTORNEY FOR LICENSED FIREARMS DEALERS

s/Anthony J. Fabian
Anthony J. Fabian
LAW OFFICES OF ANTHONY J. FABIAN PC
510 Wilcox Street, Suite C
Castle Rock, CO 80104
Phone: (303) 663-9339
Fax: (303) 713-0785
fabianlaw@qwestoffice.net

ATTORNEY FOR COLORADO STATE SHOOTING ASSOCIATION AND HAMILTON FAMILY ENTERPRISES, INC. D/B/A FAMILY SHOOTING CENTER AT CHERRY CREEK STATE PARK

**Counsel for Defendant:**
JOHN W. SUTHERS
Attorney General

s/Jonathan P. Fero
DANIEL D. DOMENICO*
Solicitor General
Email: dan.domenico@state.co.us
DAVID C. BLAKE*
Deputy Attorney General
Email: david.blake@state.co.us
KATHLEEN L. SPALDING*
Senior Assistant Attorney General
Email: kit.spalding@state.co.us
JONATHAN P. FERO*
Assistant Solicitor General
Email: jon.fero@state.co.us
MATTHEW D. GROVE*
Assistant Attorney General
Email: matt.grove@state.co.us

Attorneys for Governor John W. Hickenlooper
1300 Broadway, 10th floor
Denver, Colorado 80203
Telephone: 720-508-6000
*Counsel of Record