# Exhibit 48 to

# The Governor's Response to Plaintiffs' Motion for Summary Judgment

*Defendant's Responses to Plaintiffs' First Set of Discovery Requests*

*Gates et al. v. Polis*, No. 1:22-cv-1866-GPG-SKC (D. Colo.)

October 13, 2023

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-1866-GPG-SKC**

BENJAMIN GATES,
TRAVIS SWARTZ
KARL HONEGGER, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

    Defendant.

---

**DEFENDANT'S RESPONSES TO
PLAINTIFFS' FIRST SET OF DISCOVERY REQUESTS**

---

Defendant Jared Polis, in his official capacity as Governor of the State of Colorado, responds to Plaintiffs' First Set of Discovery Requests (the "Requests"), served on April 14, 2023.

**INTRODUCTION AND GENERAL OBJECTIONS**

a. Defendant has not yet completed discovery in this action pursuant to the Federal Rules of Civil Procedure, and has not yet completed preparation for trial. Any objections or responses given to any discovery request are based on information currently known to Defendant at this time, and may later be amended or supplemented upon receipt or discovery of additional or different information. Defendant, therefore, reserves the right to amend and supplement these discovery objections or responses, if necessary.

b. Defendant objects to the discovery requests to the extent that they seek information that is not in Defendant's possession, custody, or control.

c. Defendant objects to the discovery requests to the extent that they seek to impose an obligation on Defendant to provide information for or on behalf of any person or entity other than Defendant.

    d. Defendant objects to the discovery requests to the extent that the discovery sought is unreasonably cumulative or duplicative, or is obtainable from some other source that is more convenient, less burdensome or less expensive.

    e. Defendant objects to the discovery requests to the extent that they do not adequately define the terms used in them.

    f. Defendant objects to the discovery requests to the extent that the burden of deriving or ascertaining answers is substantially the same for the propounding party as for Defendant.

    g. Defendant objects to the discovery requests to the extent that they require the adoption of an assumption, which is improper.

    h. Defendant objects to the discovery requests to the extent that they are not limited in their duration, scope, or period of time.

## REQUESTS FOR ADMISSION

1. Reference is made to the following stipulation.

> More than 300,000,000 firearms are lawfully owned in the United States. A significant percentage of firearms privately owned are semi-automatic, most of which utilize a detachable box magazine. Although the total number is not known, the number of lawfully owned semi-automatic firearms that utilize a detachable box magazine with a capacity greater than 15 rounds is in the tens of millions.

Exhibit B, Stipulated Facts Section to Proposed Final Pretrial Order filed in *Colorado Outfitters Ass'n v. Hickenlooper*, 24 F. Supp. 3d 1050 (D. Colo. 2014), *vacated and remanded,* 823 F.3d 537 (10th Cir. 2016), on January 31, 2014 ¶ 10.

**Admit that when you made this stipulation you were telling the truth.**

*ANSWER: Defendant objects to this Request to the extent it assumes that Defendant entered into the stipulation referenced in this Request, which is incorrect.[1] Defendant also objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case, because, at most, it reflects a fact that was true nearly a decade ago. Defendant further objects to*

---

[1] This stipulation, and those referenced in Requests for Admission #2 and #3, were entered into in January of 2014. Defendant was not the Governor in January 2014, and neither his current internal legal counsel nor external legal counsel were involved in the preparation of these stipulations or their adoption by former Governor Hickenlooper.

2

*this Request on the grounds that the judgment in* Colorado Outfitters Ass'n v. Hickenlooper, 24 F. Supp. 3d 1050 (D. Colo. 2014), *was vacated and remanded on appeal,* 823 F.3d 537 (10th Cir. 2016), *and therefore the trial court's factual findings, including any stipulated facts in the* Proposed Final Pretrial Order*, have no binding or conclusive effect.* See O'Connor v. Donaldson, 422 U.S. 563, 577 n. 12 (1975); Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir. 1988); Milam v. Comm'r of Soc. Sec., 734 F. App'x 697, 700 (11th Cir. 2018). *Without waiving these objections, Defendant responds as follows:*

*After reasonable inquiry, the information known to Defendant or that Defendant can readily obtain is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant avers that he lacks knowledge or information sufficient to admit or deny this Request.*

2. Reference is made to the following stipulation. "Although the total number of magazines of any size in the United States is not known, the number of large capacity magazines is in the tens of millions." *Id*., ¶ 25.

**Admit that when you made this stipulation you were telling the truth.**

**ANSWER:** *Defendant objects to this Request to the extent it assumes that Defendant entered into the stipulation referenced in this Request, which is incorrect. Defendant also objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case, because, at most, it reflects a fact that was true nearly a decade ago. Defendant further objects to this Request on the grounds that the judgment in* Colorado Outfitters Ass'n v. Hickenlooper, 24 F. Supp. 3d 1050 (D. Colo. 2014), *was vacated and remanded on appeal,* 823 F.3d 537 (10th Cir. 2016), *and therefore the trial court's factual findings, including any stipulated facts in the* Proposed Final Pretrial Order*, have no binding or conclusive effect.* See O'Connor v. Donaldson, 422 U.S. 563, 577 n. 12 (1975); Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir. 1988); Milam v. Comm'r of Soc. Sec., 734 F. App'x 697, 700 (11th Cir. 2018). *Without waiving these objections, Defendant responds as follows:*

*After reasonable inquiry, the information known to Defendant or that Defendant can readily obtain is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant avers that he lacks knowledge or information sufficient to admit or deny this Request.*

3. Reference is made to the following stipulation. "Although the total number of magazines of any size in Colorado is not known, the number of large capacity magazines is in the millions." *Id*., ¶ 26.

**Admit that when you made this stipulation you were telling the truth.**

*ANSWER: Defendant objects to this Request to the extent it assumes that Defendant entered into the stipulation referenced in this Request, which is incorrect. Defendant also objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case, because, at most, it reflects a fact that was true nearly a decade ago. Defendant further objects to this Request on the grounds that the judgment in* Colorado Outfitters Ass'n v. Hickenlooper, 24 F. Supp. 3d 1050 (D. Colo. 2014), *was vacated and remanded on appeal,* 823 F.3d 537 (10th Cir. 2016), *and therefore the trial court's factual findings, including any stipulated facts in the* Proposed Final Pretrial Order, *have no binding or conclusive effect.* See O'Connor v. Donaldson, 422 U.S. 563, 577 n. 12 (1975); Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir. 1988); Milam v. Comm'r of Soc. Sec., 734 F. App'x 697, 700 (11th Cir. 2018). *Without waiving these objections, Defendant responds as follows:*

*After reasonable inquiry, the information known to Defendant or that Defendant can readily obtain is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant avers that he lacks knowledge or information sufficient to admit or deny this Request.*

4. Reference is made to the following stipulation:

> In states without laws regulating magazine capacity, AR-15 platform rifles are usually sold at retail with a detachable box magazine capable of holding up to 30 rounds. In states without laws regulating magazine capacity, the majority of owners of AR-15 platform rifles use magazines with a capacity of 20 and/or 30 rounds.

Exhibit A, "Stipulations" attached to Proposed Trial Management Order, filed in *Rocky Mountain Gun Owners v. Polis*, 2020 CO 66, 467 P.3d 314, on April 4, 2017 ¶ 10.

**Admit that when you made this stipulation you were telling the truth.**

*ANSWER: Defendant objects to this Request to the extent it assumes that Defendant entered into the stipulation referenced in this Request, which is incorrect.*[2]

---

[2] Although the citation in this Request for Admission, and Requests for Admission 5–8, is to the Colorado Supreme Court stage of the case, each of the stipulations referenced in Requests for Admission 4–8 were, in fact, entered into at the trial court phase of the case, where the caption was *Rocky Mountain Gun Owners, et al. v. Hickenlooper*, No. 2013CV33897 (Denver Dist. Ct). Additionally, the set of stipulations referenced in Requests for Admission 4–8 were, in fact, entered into in April 2017, and later withdrawn and superseded by a new set of stipulations entered into in May 2017. Defendant was not the Governor in April or May 2017, and neither his current internal legal counsel nor external legal counsel were involved in

*Defendant also objects to this Request because, while the wording of the stipulated fact it references is correct, it incorrectly cites the* Proposed Trial Management Order *as the source for the stipulated fact, but all of the fact stipulations in the* Proposed Trial Management Order *were withdrawn and replaced with a new set of stipulations in the middle of the trial.* See *The Governor's Mot. for Ruling that Stipulations from Previous Cases are not Binding, (Doc. #29) at 2 n.3 (Oct. 13, 2022). Defendant objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case because* Rocky Mountain Gun Owners, et al. v. Hickenlooper, No. 2013CV33897 (Denver Dist. Ct)*, involved only a state law claim that Colorado's large capacity magazine ban violated Colo. Const. art. II, § 13, and therefore was decided under the Colorado Supreme Court's "reasonable exercise of police powers" test, and not any test articulated by the U.S. Supreme Court in deciding federal question claims for alleged violations of the Second Amendment.* See Rocky Mountain Gun Owners v. Hickenlooper, 371 P.3d 768 (Colo. App. 2016); Rocky Mountain Gun Owners v. Hickenlooper, 472 P.3d 10 (Colo. App. 2018), aff'd sub nom. Rocky Mountain Gun Owners v. Polis, 467 P.3d 314 (Colo. 2020). *Defendant further objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case, because, at most, it reflects a fact that was true six years ago. Without waiving those objection, Defendant responds as follows:*

*After reasonable inquiry, the information known to Defendant or that Defendant can readily obtain is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant avers that he lacks knowledge or information sufficient to admit or deny this Request.*

5. Reference is made to the following stipulation.

> Prior to the effective date of §18-12-301, *et seq*, semi-automatic firearms equipped with detachable box magazines with a capacity greater than 15 rounds were frequently used in Colorado for multiple lawful purposes, including recreational target shooting, competition shooting, collecting, hunting, and were kept for home defense and defense outside the home.

*Id*., ¶ 13.

**Admit that when you made this stipulation you were telling the truth.**

**ANSWER:** *Defendant objects to this Request to the extent it assumes that Defendant entered into the stipulation referenced in this Request, which is incorrect. Defendant also objects to this Request because, while the wording of the stipulated fact it references is correct, it incorrectly cites the* Proposed Trial Management Order *as the source for the stipulated fact, but all of the fact stipulations in the* Proposed Trial

---

preparing the stipulations or in their adoption by former Governor Hickenlooper in the trial court phase of the case.

Management Order *were withdrawn and replaced with a new set of stipulations in the middle of the trial.* See *The Governor's Mot. for Ruling that Stipulations from Previous Cases are not Binding, (Doc. #29) at 2 n.3 (Oct. 13, 2022). Defendant objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case because* Rocky Mountain Gun Owners, et al. v. Hickenlooper, No. 2013CV33897 (Denver Dist. Ct)*, involved only a state law claim that Colorado's large capacity magazine ban violated Colo. Const. art. II, § 13, and therefore was decided under the Colorado Supreme Court's "reasonable exercise of police powers" test, and not any test articulated by the U.S. Supreme Court in deciding federal question claims for alleged violations of the Second Amendment.* See Rocky Mountain Gun Owners v. Hickenlooper, 371 P.3d 768 (Colo. App. 2016); Rocky Mountain Gun Owners v. Hickenlooper, 472 P.3d 10 (Colo. App. 2018), aff'd sub nom. Rocky Mountain Gun Owners v. Polis, 467 P.3d 314 (Colo. 2020). *Defendant further objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case, because, at most, it reflects a fact that was true six years ago. Without waiving those objections, Defendant responds as follows:*

*After reasonable inquiry, the information known to Defendant or that Defendant can readily obtain is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant avers that he lacks knowledge or information sufficient to admit or deny this Request.*

6.    Reference is made to the following stipulation.

> Many full-sized 9mm semi-automatic pistols are sold at retail with magazines with capacities of greater than 15, such as the Glock 17.  The Glock 17 is one of the most popular handguns sold in the United States and it is often used by law enforcement personnel.

*Id*., ¶ 17.

**Admit that when you made this stipulation you were telling the truth.**

**ANSWER:** *Defendant objects to this Request to the extent it assumes that Defendant entered into the stipulation referenced in this Request, which is incorrect. Defendant also objects to this Request because, while the wording of the stipulated fact it references is correct, it incorrectly cites the* Proposed Trial Management Order *as the source for the stipulated fact, but all of the fact stipulations in the* Proposed Trial Management Order *were withdrawn and replaced with a new set of stipulations in the middle of the trial.* See *The Governor's Mot. for Ruling that Stipulations from Previous Cases are not Binding, (Doc. #29) at 2 n.3 (Oct. 13, 2022). Defendant further objects because the stipulation referenced in this Request is incomplete and omits the following statements from the original: "The Glock 17 is also sold with factory magazines with a capacity of ten rounds. Nine millimeter handguns come with a variety of magazine sizes, some of which have a capacity of 15 or fewer rounds. Compacts and sub-compact*

*handguns are sold at retail with magazines of 15 or fewer rounds." Defendant objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case because* Rocky Mountain Gun Owners, et al. v. Hickenlooper, No. 2013CV33897 (Denver Dist. Ct)*, involved only a state law claim that Colorado's large capacity magazine ban violated Colo. Const. art. II, § 13, and therefore was decided under the Colorado Supreme Court's "reasonable exercise of police powers" test, and not any test articulated by the U.S. Supreme Court in deciding federal question claims for alleged violations of the Second Amendment.* See Rocky Mountain Gun Owners v. Hickenlooper, 371 P.3d 768 (Colo. App. 2016); Rocky Mountain Gun Owners v. Hickenlooper, 472 P.3d 10 (Colo. App. 2018), aff'd sub nom. Rocky Mountain Gun Owners v. Polis, 467 P.3d 314 (Colo. 2020). *Defendant further objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case, because, at most, it reflects a fact that was true six years ago, none of the Plaintiffs are law enforcement personnel, and the Statute authorizes a government law enforcement officer to use a Glock 17 with a large capacity magazine in the course of his or her official duties.* See C.R.S. § 18-12-302(3)(b)(II). *Without waiving those objections, Defendant responds as follows:*

*After reasonable inquiry, the information known to Defendant or that Defendant can readily obtain is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant avers that he lacks knowledge or information sufficient to admit or deny this Request.*

7.   Reference is made to the following stipulation. "Although the total number of magazines of any size in Colorado is not known, the number of magazines with a capacity greater than 15 rounds is in the millions." *Id*., ¶ 20.

**Admit that when you made this stipulation you were telling the truth.**

***ANSWER:*** *Defendant objects to this Request to the extent it assumes that Defendant entered into the stipulation referenced in this Request, which is incorrect. Defendant also objects to this Request because, while the wording of the stipulated fact it references is correct, it incorrectly cites the* Proposed Trial Management Order *as the source for the stipulated fact, but all of the fact stipulations in the* Proposed Trial Management Order *were withdrawn and replaced with a new set of stipulations in the middle of the trial.* See The Governor's Mot. for Ruling that Stipulations from Previous Cases are not Binding, (Doc. #29) at 2 n.3 (Oct. 13, 2022). *Defendant objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case because* Rocky Mountain Gun Owners, et al. v. Hickenlooper, No. 2013CV33897 (Denver Dist. Ct)*, involved only a state law claim that Colorado's large capacity magazine ban violated Colo. Const. art. II, § 13, and therefore was decided under the Colorado Supreme Court's "reasonable exercise of police powers" test, and not any test articulated by the U.S. Supreme Court in deciding federal question claims for alleged violations of the Second Amendment.* See Rocky

Mountain Gun Owners v. Hickenlooper, 371 P.3d 768 (Colo. App. 2016); Rocky Mountain Gun Owners v. Hickenlooper, 472 P.3d 10 (Colo. App. 2018), aff'd sub nom. Rocky Mountain Gun Owners v. Polis, 467 P.3d 314 (Colo. 2020). *Defendant further objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case, because, at most, it reflects a fact that was true six years ago. Without waiving those objections, Defendant responds as follows:*

*After reasonable inquiry, the information known to Defendant or that Defendant can readily obtain is insufficient to enable Defendant to admit or deny this Request. Accordingly, Defendant avers that he lacks knowledge or information sufficient to admit or deny this Request.*

8.   Reference is made to the following stipulation. "Prior to the effective date of §18-12-301, *et seq.*, magazines with a capacity greater than 15 rounds were not unusual in Colorado."

*Id.*, ¶ 2 [sic] (the correct ¶ is 21).

**Admit that when you made this stipulation you were telling the truth.**

***ANSWER:*** *Defendant objects to this Request to the extent it assumes that Defendant entered into the stipulation referenced in this Request, which is incorrect. Defendant also objects to this Request because, while the wording of the stipulated fact it references is correct, it incorrectly cites the* Proposed Trial Management Order *as the source for the stipulated fact, but all of the fact stipulations in the* Proposed Trial Management Order *were withdrawn and replaced with a new set of stipulations in the middle of the trial.* See *The Governor's Mot. for Ruling that Stipulations from Previous Cases are not Binding, (Doc. #29) at 2 n.3 (Oct. 13, 2022). Defendant objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case because* Rocky Mountain Gun Owners, et al. v. Hickenlooper, No. 2013CV33897 (Denver Dist. Ct)*, involved only a state law claim that Colorado's large capacity magazine ban violated Colo. Const. art. II, § 13, and therefore was decided under the Colorado Supreme Court's "reasonable exercise of police powers" test, and not any test articulated by the U.S. Supreme Court in deciding federal question claims for alleged violations of the Second Amendment.* See Rocky Mountain Gun Owners v. Hickenlooper, 371 P.3d 768 (Colo. App. 2016); Rocky Mountain Gun Owners v. Hickenlooper, 472 P.3d 10 (Colo. App. 2018), aff'd sub nom. Rocky Mountain Gun Owners v. Polis, 467 P.3d 314 (Colo. 2020). *Defendant further objects to this Request on the grounds that the information contained in this stipulation is not relevant to any party's claims or defenses in this case, because, at most, it reflects a fact that was true six years ago. Without waiving those objections, Defendant responds as follows:*

*After reasonable inquiry, the information known to Defendant or that Defendant can readily obtain is insufficient to enable Defendant to admit or deny this Request.*

*Accordingly, Defendant avers that he lacks knowledge or information sufficient to admit or deny this Request.*

9.      Admit that for a semi-automatic firearm to fire two consecutive shots in semi-automatic mode, it is necessary to insert a detachable magazine containing at least two rounds into the magazine well prior to firing.

***ANSWER:** Defendant objects to this request on the grounds that the definition of "semi-automatic firearm" included in the Requests is inconsistent with the plain-meaning of that term. Defendant further objects to this Request on the grounds that the term "semi-automatic mode" is vague and ambiguous. Accordingly, Defendant will interpret the phrase "semi-automatic mode" consistent with the plain meaning of the words, to mean the mode used by any semi-automatic firearm (as defined by Plaintiffs).*

*Without waiving said objections, limiting his response only to "semi-automatic firearms" as defined in the Requests, and incorporating the definition of "semi-automatic mode" included in the objections, Defendant answers as follows: Deny.*

10.     Admit that for a semi-automatic firearm to fire in semi-automatic mode, it is necessary for a detachable magazine of some size to be inserted into the magazine well prior to firing.

***ANSWER:** Defendant objects to this Request on the grounds that the definition of "semi-automatic firearm" included in the Requests is inconsistent with the plain-meaning of that term. Defendant further objects to this Request on the grounds that the term "semi-automatic mode" is vague and ambiguous. Accordingly, Defendant will interpret the phrase "semi-automatic mode" consistent with the plain meaning of the words, to mean the mode used by any semi-automatic firearm (as defined by Plaintiffs).*

*Without waiving said objections, limiting his response only to "semi-automatic firearms" as defined in the Requests, and incorporating the definition of "semi-automatic mode" included in the objections, Defendant answers as follows: Deny.*

11.     Admit that by definition it is impossible to fire multiple shots from a semi-automatic firearm in semi-automatic mode unless a detachable magazine is inserted into the magazine well prior to firing.

***ANSWER:** Defendant objects to this Request on the grounds that the definition of "semi-automatic firearm" included in the Requests is inconsistent with the plain-meaning of that term. Defendant further objects to this Request on the grounds that the term*

9

*"semi-automatic mode" is vague and ambiguous. Accordingly, Defendant will interpret the phrase "semi-automatic mode" consistent with the plain meaning of the words, to mean the mode used by any semi-automatic firearm (as defined by Plaintiff).*

*Without waiving said objections, limiting his response only to "semi-automatic firearms" as defined in the Requests, and incorporating the definition of "semi-automatic mode" included in the objections, Defendant responds as follows: Deny.*

12. Admit that detachable magazines with a capacity greater than 15 rounds are in common use in the United States by law-abiding citizens for lawful purposes.

**ANSWER:** *Defendant objects to this Request on the basis that "common use" is vague and ambiguous, and is subject to different reasonable factual and legal interpretations. Without waiving said objections, Defendant responds as follows: Deny.*

### INTERROGATORIES

1. If your answer to Request for Admission 1 was anything other than an unqualified admission, please state why you denied the request for admission or qualified your admission, as the case may be.

**ANSWER:** *Request for Admission 1 asks Defendant to admit that "you" were telling the truth in agreeing to a stipulation in a prior court case,* Colorado Outfitters Ass'n v. Hickenlooper, 24 F. Supp. 3d 1050 (D. Colo. 2014). *But Defendant was not a party to that case and therefore did not adopt the stipulation referenced in this Request. Defendant has no knowledge of what information was produced in discovery in that case as the factual basis for the stipulation, or what strategic decisions went into its adoption and proffer to the trial court by former Governor Hickenlooper in that case. Additionally, the judgment in* Colorado Outfitters Ass'n v. Hickenlooper, 24 F. Supp. 3d 1050 (D. Colo. 2014), *was vacated and remanded on appeal,* 823 F.3d 537 (10th Cir. 2016), *and therefore the trial court's factual findings, including any stipulated facts in the* Proposed Final Pretrial Order*, have no binding or conclusive effect.* See O'Connor v. Donaldson, 422 U.S. 563, 577 n. 12 (1975); Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir. 1988); Milam v. Comm'r of Soc. Sec., 734 F. App'x 697, 700 (11th Cir. 2018).

2. If your answer to Request for Admission 2 was anything other than an unqualified admission, please state why you denied the request for admission or qualified your admission, as the case may be.

10

  ***ANSWER:*** *Request for Admission 2 asks Defendant to admit that "you" were telling the truth in agreeing to a stipulation in a prior court case,* Colorado Outfitters Ass'n v. Hickenlooper, 24 F. Supp. 3d 1050 (D. Colo. 2014)*. But Defendant was not a party to that case and therefore did not adopt the stipulation referenced in this Request. Defendant has no knowledge of what information was produced in discovery in that case as the factual basis for the stipulation, or what strategic decisions went into its adoption and proffer to the trial court by former Governor Hickenlooper in that case. Additionally, the judgment in* Colorado Outfitters Ass'n v. Hickenlooper, 24 F. Supp. 3d 1050 (D. Colo. 2014), *was vacated and remanded on appeal,* 823 F.3d 537 (10th Cir. 2016), *and therefore the trial court's factual findings, including any stipulated facts in the* Proposed Final Pretrial Order*, have no binding or conclusive effect.* See O'Connor v. Donaldson, 422 U.S. 563, 577 n. 12 (1975); Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir. 1988); Milam v. Comm'r of Soc. Sec., 734 F. App'x 697, 700 (11th Cir. 2018).

3. If your answer to Request for Admission 3 was anything other than an unqualified admission, please state why you denied the request for admission or qualified your admission, as the case may be.

  ***ANSWER:*** *Request for Admission 3 asks Defendant to admit that "you" were telling the truth in agreeing to a stipulation in a prior court case,* Colorado Outfitters Ass'n v. Hickenlooper, 24 F. Supp. 3d 1050 (D. Colo. 2014)*. But Defendant was not a party to that case and therefore did not adopt the stipulation referenced in this Request. Defendant has no knowledge of what information was produced in discovery in that case as the factual basis for the stipulation, or what strategic decisions went into its adoption and proffer to the trial court by former Governor Hickenlooper in that case. Additionally, the judgment in* Colorado Outfitters Ass'n v. Hickenlooper, 24 F. Supp. 3d 1050 (D. Colo. 2014), *was vacated and remanded on appeal,* 823 F.3d 537 (10th Cir. 2016), *and therefore the trial court's factual findings, including any stipulated facts in the* Proposed Final Pretrial Order*, have no binding or conclusive effect.* See O'Connor v. Donaldson, 422 U.S. 563, 577 n. 12 (1975); Jaffree v. Wallace, 837 F.2d 1461, 1466 (11th Cir. 1988); Milam v. Comm'r of Soc. Sec., 734 F. App'x 697, 700 (11th Cir. 2018).

4. If your answer to Request for Admission 4 was anything other than an unqualified admission, please state why you denied the request for admission or qualified your admission, as the case may be.

  ***ANSWER:*** *Request for Admission 4 asks Defendant to admit that "you" were telling the truth in agreeing to a stipulation in a prior court case. But Defendant was not a party to that case and therefore did not adopt the stipulation referenced in this Request. Defendant has no knowledge of what information was produced in discovery in that case as the factual basis for the stipulation, or what strategic decisions went into its adoption and proffer to the trial court by former Governor Hickenlooper in that case. Moreover, while the wording of the*

11

*stipulated fact referenced in this Request is correct, the set of stipulations referenced in this Request were withdrawn and replaced with a new set of stipulations at trial. Additionally,* Rocky Mountain Gun Owners, et al. v. Hickenlooper, No. 2013CV33897 (Denver Dist. Ct)*, involved only a state law claim that Colorado's large capacity magazine ban violated Colo. Const. art. II, § 13, and therefore was decided under the Colorado Supreme Court's "reasonable exercise of police powers" test, and not any test articulated by the U.S. Supreme Court in deciding federal question claims for alleged violations of the Second Amendment.* See Rocky Mountain Gun Owners v. Hickenlooper, 371 P.3d 768 (Colo. App. 2016); Rocky Mountain Gun Owners v. Hickenlooper, 472 P.3d 10 (Colo. App. 2018), aff'd sub nom. Rocky Mountain Gun Owners v. Polis, 467 P.3d 314 (Colo. 2020). *As a result, the stipulation referenced in this Request is not relevant to any party's claims or defenses in this case.*

5.  If your answer to Request for Admission 5 was anything other than an unqualified admission, please state why you denied the request for admission or qualified your admission, as the case may be.

    ***ANSWER:*** *Request for Admission 5 asks Defendant to admit that "you" were telling the truth in agreeing to a stipulation in a prior court case. But Defendant was not a party to that case and therefore did not adopt the stipulation referenced in this Request. Defendant has no knowledge of what information was produced in discovery in that case as the factual basis for the stipulation, or what strategic decisions went into its adoption and proffer to the trial court by former Governor Hickenlooper in that case. Moreover, while the wording of the stipulated fact referenced in this Request is correct, the set of stipulations referenced in this Request were withdrawn and replaced with a new set of stipulations at trial. Additionally,* Rocky Mountain Gun Owners, et al. v. Hickenlooper, No. 2013CV33897 (Denver Dist. Ct)*, involved only a state law claim that Colorado's large capacity magazine ban violated Colo. Const. art. II, § 13, and therefore was decided under the Colorado Supreme Court's "reasonable exercise of police powers" test, and not any test articulated by the U.S. Supreme Court in deciding federal question claims for alleged violations of the Second Amendment.* See Rocky Mountain Gun Owners v. Hickenlooper, 371 P.3d 768 (Colo. App. 2016); Rocky Mountain Gun Owners v. Hickenlooper, 472 P.3d 10 (Colo. App. 2018), aff'd sub nom. Rocky Mountain Gun Owners v. Polis, 467 P.3d 314 (Colo. 2020). *As a result, the stipulation referenced in this Request is not relevant to any party's claims or defenses in this case.*

6.  If your answer to Request for Admission 6 was anything other than an unqualified admission, please state why you denied the request for admission or qualified your admission, as the case may be.

    ***ANSWER:*** *Request for Admission 6 asks Defendant to admit that "you" were telling the truth in agreeing to a stipulation in a prior court case. But Defendant was not a party to that case and therefore did not adopt the stipulation referenced in this Request. Defendant has no knowledge of what information was produced in discovery in that case as the factual basis*

*for the stipulation, or what strategic decisions went into its adoption and proffer to the trial court by former Governor Hickenlooper in that case. Moreover, while the wording of the stipulated fact referenced in this Request is correct, the wording was incomplete due to omitted statements and the set of stipulations referenced in this Request were withdrawn and replaced with a new set of stipulations at trial. Additionally,* Rocky Mountain Gun Owners, et al. v. Hickenlooper, No. 2013CV33897 (Denver Dist. Ct)*, involved only a state law claim that Colorado's large capacity magazine ban violated Colo. Const. art. II, § 13, and therefore was decided under the Colorado Supreme Court's "reasonable exercise of police powers" test, and not any test articulated by the U.S. Supreme Court in deciding federal question claims for alleged violations of the Second Amendment.* See Rocky Mountain Gun Owners v. Hickenlooper, 371 P.3d 768 (Colo. App. 2016); Rocky Mountain Gun Owners v. Hickenlooper, 472 P.3d 10 (Colo. App. 2018), aff'd sub nom. Rocky Mountain Gun Owners v. Polis, 467 P.3d 314 (Colo. 2020). *As a result, the stipulation referenced in this Request is not relevant to any party's claims or defenses in this case.*

7. If your answer to Request for Admission 7 was anything other than an unqualified admission, please state why you denied the request for admission or qualified your admission, as the case may be.

   **ANSWER:** *Request for Admission 7 asks Defendant to admit that "you" were telling the truth in agreeing to a stipulation in a prior court case. But Defendant was not a party to that case and therefore did not adopt the stipulation referenced in this Request. Defendant has no knowledge of what information was produced in discovery in that case as the factual basis for the stipulation, or what strategic decisions went into its adoption and proffer to the trial court by former Governor Hickenlooper in that case. Moreover, while the wording of the stipulated fact referenced in this Request is correct, the set of stipulations referenced in this Request were withdrawn and replaced with a new set of stipulations at trial. Additionally,* Rocky Mountain Gun Owners, et al. v. Hickenlooper, No. 2013CV33897 (Denver Dist. Ct)*, involved only a state law claim that Colorado's large capacity magazine ban violated Colo. Const. art. II, § 13, and therefore was decided under the Colorado Supreme Court's "reasonable exercise of police powers" test, and not any test articulated by the U.S. Supreme Court in deciding federal question claims for alleged violations of the Second Amendment.* See Rocky Mountain Gun Owners v. Hickenlooper, 371 P.3d 768 (Colo. App. 2016); Rocky Mountain Gun Owners v. Hickenlooper, 472 P.3d 10 (Colo. App. 2018), aff'd sub nom. Rocky Mountain Gun Owners v. Polis, 467 P.3d 314 (Colo. 2020). *As a result, the stipulation referenced in this Request is not relevant to any party's claims or defenses in this case.*

8. If your answer to Request for Admission 8 was anything other than an unqualified admission, please state why you denied the request for admission or qualified your admission, as the case may be.

*ANSWER: Request for Admission 8 asks Defendant to admit that "you" were telling the truth in agreeing to a stipulation in a prior court case. But Defendant was not a party to that case and therefore did not adopt the stipulation referenced in this Request. Defendant has no knowledge of what information was produced in discovery in that case as the factual basis for the stipulation, or what strategic decisions went into its adoption and proffer to the trial court by former Governor Hickenlooper in that case. Moreover, while the wording of the stipulated fact referenced in this Request is correct, the set of stipulations referenced in this Request were withdrawn and replaced with a new set of stipulations at trial. Additionally,* Rocky Mountain Gun Owners, et al. v. Hickenlooper, No. 2013CV33897 (Denver Dist. Ct)*, involved only a state law claim that Colorado's large capacity magazine ban violated Colo. Const. art. II, § 13, and therefore was decided under the Colorado Supreme Court's "reasonable exercise of police powers" test, and not any test articulated by the U.S. Supreme Court in deciding federal question claims for alleged violations of the Second Amendment.* See Rocky Mountain Gun Owners v. Hickenlooper, 371 P.3d 768 (Colo. App. 2016); Rocky Mountain Gun Owners v. Hickenlooper, 472 P.3d 10 (Colo. App. 2018), aff'd sub nom. Rocky Mountain Gun Owners v. Polis, 467 P.3d 314 (Colo. 2020). *As a result, the stipulation referenced in this Request is not relevant to any party's claims or defenses in this case.*

9.      If your answer to Request for Admission 9 was anything other than an unqualified

admission, please state why you denied the request for admission or qualified your admission,

as the case may be.

*ANSWER: Request for Admission 9 asked Defendant to admit that "for a semi-automatic firearm to fire two consecutive shots in semi-automatic mode, it is necessary to insert a detachable magazine containing at least two rounds into the magazine well prior to firing." Defendant denied that Request because it is possible for a semi-automatic firearm—defined by Plaintiffs to include only semi-automatic firearms with detachable magazine wells—to fire two consecutive shots in semi-automatic mode if a detachable magazine containing only one round is inserted into the magazine well prior to firing if a second round is already loaded in the chamber of the firearm. Defendant is also aware of a weapon, the Gilboa Snake Double Barreled AR15 Rifle that is a semi-automatic firearm by Plaintiffs' definition, and can fire two consecutive rounds solely through rounds loaded in the chambers.*

10.     If your answer to Request for Admission 10 was anything other than an unqualified

admission, please state why you denied the request for admission or qualified your admission,

as the case may be.

*ANSWER: . Request for Admission 10 asked Defendant to admit that "for a semi-automatic firearm to fire in semi-automatic mode, it is necessary for a detachable magazine of some size to be inserted into the magazine well prior to firing." Defendant objected on the basis that "semi-automatic mode" is vague and ambiguous. Using the plain meaning definition of semi-automatic mode, any time a semi-automatic weapon is fired it is fired in semi-automatic*

*mode. Defendant denied Request for Admission 10 because a semi-automatic weapon, as defined by Plaintiffs, can be fired in semi-automatic mode with only a bullet in the chamber.*

11. If your answer to Request for Admission 11 was anything other than an unqualified admission, please state why you denied the request for admission or qualified your admission, as the case may be.

**ANSWER:** *Request for Admission 11 asked Defendant to admit that "it is impossible to fire multiple shots from a semi-automatic firearm in semi-automatic mode unless a detachable magazine is inserted into the magazine well prior to firing." Defendant objected on the basis that "semi-automatic mode" is vague and ambiguous. Using the plain meaning definition of semi-automatic mode, any time a semi-automatic weapon is fired it is fired in semi-automatic mode. Defendant denied Request for Admission 11 because multiple shots can be fired from a semi-automatic weapon, as defined by Plaintiffs, in semi-automatic mode by firing a bullet loaded in the chamber, re-loading another bullet in the chamber, and firing again. .*

12. If your answer to Request for Admission 12 was anything other than an unqualified admission, please state why you denied the request for admission or qualified your admission, as the case may be.

**ANSWER:** *Defendant objects to Interrogatory 12 on the grounds that it is the topic of expert discovery in this case and calls for a legal conclusion. Without waiving said objections, Defendant has not seen data to suggest that detachable magazines with a capacity greater than 15 rounds are in common use in the United States by law-abiding citizens for lawful purposes that are protected by the Second Amendment. To the contrary, Defendant's expert has seen data suggesting that detachable magazines with a capacity greater than 15 rounds are **not** in common use in the United States by law-abiding citizens for lawful purposes that are protected by the Second Amendment. Defendant incorporates in his answer to Interrogatory 12 the expert report of Professor Jeffrey Zax produced to Plaintiffs on April 14, 2023.*

13. In *RMGO v. Polis*, you stipulated that through December 2016 there were 41 prosecutions under the Statute. *Id.*, ¶ 29. How may prosecutions under Statute have there been through March 2023?

**ANSWER:** *After reasonable inquiry, the information within Defendant's custody or control is insufficient to enable him to respond to this interrogatory. Defendant avers that he lacks knowledge or information sufficient to respond to this interrogatory.*

15

14.     Please state how the Statute is consistent with the Nation's historical tradition of firearm regulation.

**ANSWER:** *Defendant objects to Interrogatory 14 on the grounds that it is the topic of expert discovery in this case and calls for a legal conclusion. Without waiving said objections, Defendant incorporates in his response to Interrogatory 14 the expert report of Professor Robert Spitzer, produced to Plaintiffs on April 14, 2023, the expert report of Professor Dennis Baron, produced to Plaintiffs on April 14, 2023, and the expert report of Joseph Bilby, produced to Plaintiffs on April 14, 2023, including, without limitation, the notion that throughout history, states and other jurisdictions have regulated weapons once they began to circulate widely in society and pose a danger to the public.*

15.     Please state the societal problem with which the Statute is concerned.

**ANSWER:** *Defendant objects to this Interrogatory on the grounds that the word "concerned" is vague and ambiguous. Notwithstanding that objection, Defendant responds as follows:*

*Colorado's large capacity magazine ban was enacted in the exercise of the police power to address illegal gun violence perpetrated with large capacity magazines, including but not limited to the growing number of mass shootings in which a single gunman is able to wound or kill large numbers of civilians in a short amount of time without opportunity for victims to flee, hide, or fight.*

16.     Please state each "historical regulation" that is a "proper analogue" for the Statute as those phrases are used in *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 142 S. Ct. 2111, 2132 (2022).

**ANSWER:** *Defendant objects to Interrogatory 16 on the grounds that it is the topic of expert discovery in this case and calls for a legal conclusion. Without waiving said objections, Defendant incorporates in his response to Interrogatory 16 the expert report of Professor Robert Spitzer, produced to Plaintiffs on April 14, 2023, including exhibits B, C, D, E, F, and H to the Spitzer Report.*

17.     For each historical regulation identified in response to interrogatory 16, please state how the regulation imposes a burden on the right to keep and bear arms that is comparable to the burden imposed by the Statute.

**ANSWER:** *Defendant objects to Interrogatory 17 on the grounds that it is the topic of expert discovery in this case and calls for a legal conclusion. Without waiving said objections, Defendant incorporates in his response to Interrogatory 17 the expert report of Professor*

16

*Robert Spitzer, produced to Plaintiffs on April 14, 2023, the expert report of Dennis Baron, produced to Plaintiffs on April 14, 2023, the expert report of Joseph Bilby, produced to Plaintiffs on April 14, 2023, the expert report of Professor Jeffrey Zax, produced to Plaintiffs on April 14, 2023, the expert report of Jim Yurgealitis, produced to Plaintiffs on April 14, 2023, and the expert report of Professor Louis Klarevas, produced to Plaintiffs on April 14, 2023.*

## REQUEST FOR PRODUCTION OF DOCUMENTS

1. Please produce copies of all of the historical regulations identified in response to interrogatory 16.

   ***ANSWER:*** *Defendant incorporates in his response to this Request the expert report of Professor Robert Spitzer, including exhibits, produced to Plaintiffs on April 14, 2023. Defendant further states that beyond what is included in the Spitzer Report and its exhibits, Defendant does not have responsive documents in his possession, custody, or control. Defendant further states that such documents are available from public sources that are equally available to both Plaintiffs and Defendants from public sources, including but not limited to: Westlaw, LexisNexis, and the Repository of Historical Gun Laws maintained by Duke University and available at https://firearmslaw.duke.edu/repository/search-the-repository/.*

   **Oath:**

   I do solemnly declare and affirm under the penalties of perjury that the foregoing Answers to Interrogatories are true and correct to the best of my knowledge, information, and belief.

   \_\_\_\_s/ Brandon Davis_____
   　　　　　Signature

   Printed Name: Brandon Davis, Policy Advisor, Office of Governor Jared Polis_____

   　　　　Date: \_\_5/30/2023_____ _____

As to the objections and responses to non-interrogatories:

DATED: May 30, 2023.

            PHILIP J. WEISER
            Attorney General

            *s/* Peter G. Baumann
            *LEEANN MORRILL**
            First Assistant Attorney General
            *EMILY B. BUCKLEY**
            Senior Assistant Attorney General
            *PETER G. BAUMANN**
            Assistant Attorney General
            *DANIEL R. MAGALOTTI**
            Assistant Attorney General Fellow
            Colorado Attorney General's Office
            1300 Broadway, 6th Floor
            Denver, Colorado 80203
            Telephone: (720) 508-6000
            Email: leeann.morrill@coag.gov
               emily.buckley@coag.gov
               peter.baumann@coag.gov
               daniel.magalotti@coag.gov
            *Attorneys for Defendant Governor*
             *Jared S. Polis*
            *Counsel of Record