IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-1866-GPG-SKC**

BENJAMIN GATES,
TRAVIS SWARTZ
KARL HONEGGER, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

    Defendant.

## RENEWED MOTION TO RESTRICT

Plaintiffs Benjamin Gates ("Gates"), Travis Swartz ("Swartz") Karl Honegger ("Honegger") and National Foundation for Gun Rights, Inc. ("NFGR") submit the following Renewed Motion to Restrict pursuant to D.C.Colo.LCivR 7.2(e).

Certification: Plaintiffs' counsel has conferred with Defendant's counsel regarding this motion. Defendant opposes this motion.

**I.     Background**

The Court entered its Protective Order on April 6, 2023 (ECF 48). Pursuant to Section 8 of the Protective Order, Plaintiffs designated certain documents and deposition responses as "Confidential." On September 11, 2023, Defendant filed his

1

motion for summary judgment (ECF 77). Defendant simultaneously filed a notice (ECF 75) in which he stated:

> Both the Motion [for Summary Judgment], and several exhibits attached to the Motion, include information that has been marked as "Confidential" by Plaintiffs under the Protective Order (D. 48). Those documents are:
>
> 1. The Governor's Motion for Summary Judgement;
>
> 2. Exhibit 33 to the Governor's Motion for Summary Judgment, Deposition Transcript of Travis Swartz;
>
> 3. Exhibit 38 to the Governor's Motion for Summary Judgment, K. Honegger's Interrogatory Responses;
>
> 4. Exhibit 42 to the Governor's Motion for Summary Judgment, Plaintiffs' Supplemental Interrogatory Responses;
>
> 5. Exhibit 43 to the Governor's Motion for Summary Judgment, Deposition Transcript of B. Gates;
>
> 6. Exhibit 44 to the Governor's Motion for Summary Judgment, Deposition Transcript of K. Honegger.
>
> The Governor does not believe that the information marked confidential in these filings implicates a common law or statutory privacy interest sufficient to justify restricting access to these documents. However, consistent with the Protective Order and to give Plaintiffs an opportunity to invoke D.C.Colo.LCivR 7.2(c), the Governor provisionally files these documents under a Level 1 restriction. …
>
> Plaintiffs filed a motion to restrict on September 21, 2023 (ECF 83).

## II.   The Court's Prior Order

On October 11, 2023, the Court denied Plaintiffs motion without prejudice to file a motion seeking a more limited restriction. ECF 91. The Court's Order stated:

> ORDER denying 83 Plaintiff's Motion for Leave to Restrict. Defendant filed his Motion for Summary Judgment and certain exhibits thereto under a Level 1 restriction. Plaintiffs filed a motion to restrict, seeking to preserve

2

this restriction. 'There is a common law right of access to judicial records, premised on the recognition that public monitoring of the court fosters important values such as respect for our judicial system.' *Doe v. Roe*, No. 23-CV-01149-NYW-KLM, 2023 WL 4562543, at *2 (D. Colo. July 17, 2023). Consequently, court filings are presumptively available to the public; access may only be restricted if interests favoring non-disclosure outweigh the public's access rights. *Id*. These values are reflected in the District of Colorado's Local Civil Rules, which require a movant for restriction to show, among other things, that 'the interest to be protected ... outweighs the presumption of public access' and that the movant explain why alternatives to restriction are impracticable. See D.C.COLO.LcivR 7.2(b). Plaintiffs argue that the documents at issue, which generally relate to their firearms ownership, implicate their privacy and safety interests. The Court is sensitive to these concerns - particularly, the litigant safety issue Plaintiffs have raised - but does not find that they justify wholesale restriction of the documents at issue here. Plaintiffs' cited authorities simply do not show that plaintiffs in Second Amendment cases have an absolute right to immunize ***all*** details of their firearms ownership from public disclosure. *See, e.g., Mager v. Dep't of State Police*, 460 Mich. 134, 595 N.W.2d 142 (1999) (addressing firearm-owner privacy in the context of a public records request for the names and addresses of firearm owners); Jody Lyne Madeira, *A Secret Weapon?: Applying Privacy Doctrine to the Second Amendment*, 46 Hastings Const. L.Q. 555 (2019) (contending that privacy protections would 'beat back the stigmatization that is allegedly associated with gun rights' while acknowledging that 'most courts have thus far declined to extend privacy protections to firearm ownership and use'). Though Plaintiffs have failed to meet their burden of showing that wholesale restriction is appropriate, the Court is open to ***extremely limited*** redactions that are narrowly tailored to Plaintiffs' personal safety concerns. Should Plaintiffs desire any specific redactions of this nature, Plaintiffs shall - **within 14 days** of the date of this order - provide the Court with redacted copies of the at-issue filings. The Court will review any proposed redactions and issue further Orders at that time. By District Judge Gordon P Gallagher on 10/11/2023. Text Only Entry(schap, ) (Entered: 10/11/2023)

### III.   Argument

Plaintiffs incorporate their arguments from their prior motion. In response to the Court's October 11, 2023 Order, Plaintiffs propose the following redactions to the documents listed by the Governor:

3

  1. The Governor's Motion for Summary Judgement **NO REDACTIONS**

  2. Exhibit 33 to the Governor's Motion for Summary Judgment, Deposition Transcript of Travis Swartz **NO REDACTIONS**

  3. Exhibit 38 to the Governor's Motion for Summary Judgment, K. Honegger's Interrogatory Responses **NO REDACTIONS**

  4. Exhibit 42 to the Governor's Motion for Summary Judgment, Plaintiffs' Supplemental Interrogatory Responses **See Attached Exhibit A "Proposed Redactions"**

  5. Exhibit 43 to the Governor's Motion for Summary Judgment, Deposition Transcript of B. Gates **NO REDACTIONS**

  6. Exhibit 44 to the Governor's Motion for Summary Judgment, Deposition Transcript of K. Honegger **NO REDACTIONS**

With this proposal, Plaintiffs propose no redactions to five of the six documents listed by the State. Plaintiffs propose redacting only the lists of the specific firearms owned. The State did not list the specific makes and models of Plaintiffs' firearms in its summary judgment motion. The specifics of the firearms (as opposed to the overall number of firearms and the general categories into which they fall) were not relevant to its argument. Plaintiffs respectfully suggest that this proposal strikes a reasonable balance between the public access issues identified by the Court in its Order and Plaintiffs' privacy and safety interests that were also recognized by the Court.

## IV. Conclusion

For the foregoing reasons, Plaintiffs respectfully request the Court to enter an order continuing the Level 1 restriction of the information redacted in Exhibit A.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Voice:  (303) 205-7870
Email:  barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*

# CERTIFICATE OF SERVICE

I hereby certify that on October 25, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington