IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 22-cv-1866-GPG-SKC

BENJAMIN GATES,
TRAVIS SWARTZ
KARL HONEGGER, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.

    Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado

    Defendant.

---

**RESPONSE TO STATE'S MOTION TO STRIKE EXPERT DECLARATION**

---

Plaintiffs submit the following response to Defendant's Motion to Strike Mr. Passamaneck's Declaration. ECF 92 ("Mot.").

**A.  All of the Information in the Declaration was Previously Disclosed**

The State asserts that Mr. Passamaneck's declaration should be stricken in its entirely because it claims three statements in the declaration were not previously disclosed. This is not accurate. The State has had the information about which it claims to be surprised since May 2023.

    **1.  Statement One**

The State asserts that it is surprised and prejudiced by the information in paragraphs five and six of Mr. Passamaneck's declaration. Those paragraphs state:

1

5. The Industry Intelligence Report published by the National Shooting Sports Foundation ("NSSF") is a nationally recognized trade report for the firearms industry and shall be referred to herein as the NSSF Report.

6. The data reported in the NSSF report is highly reliable.

Mr. Passamaneck's report stated his reliance on the NSSF Report. ECF 56-1, 2-3. The State does not dispute this. Indeed, at his May 31, 2023, deposition,[1] the State examined him extensively regarding his reliance on the NSSF report.

As for these two paragraphs in particular, it is impossible for the State to be surprised or prejudiced. Mr. Passamaneck testified in May that the NSSF is a firearms industry trade group that compiles "very trustworthy" firearms industry information. Transcript, 19:25–20:5. In other words, in May, Mr. Passamaneck testified to the very information the State says was not disclosed until October.

The State distorts Mr. Passamaneck's discussion of the NSSF data to suggest that he gave conflicting information in his deposition. Mr. Passamaneck never said, as the State implies, that the NSSF data is generally not accurate. Instead, he testified the NSSF data is conservative because it does not encompass data from all manufacturers. Transcript, 179:1-9; 100:20-101:4. And for that reason, while the NSSF numbers are accurate as far as they go, they can only be relied upon as a "bottom number," not a "top number." Transcript, 167:19-168:9. In summary, the State examined Mr. Passamaneck about the very information set

---

[1] The transcript of Mr. Passamaneck's deposition is attached as Exhibit A.

2

forth in paragraphs 5 and 6 of his declaration. It follows that its assertion that it is surprised and prejudiced by this information is inaccurate to say the least.

In addition to all of this, the State cannot seriously suggest it is surprised that Mr. Passamaneck considers the NSSF Report to be reliable, because its own expert, Dr.Louis Klarevas, has relied on NSSF data extensively in many cases. Just since the Supreme Court rendered its decision in *Bruen* in 2022, Dr. Klarevas has filed declarations in at least eight cases in which he cited NSSF data. In Exhibit B, Plaintiffs have compiled excerpts from Dr. Klarevas' declarations citing NSSF data in the following cases: *NAGR v. Town of Superior*, 22-cv-2680 (D. Colo.); *Barnett v. Raoul*, 3:23-cv-209 (S.D. Ill.); *NAGR v. Lamont*, 22-cv-1118 (D. Conn.); *Viramontes v. County of Cook*, 21-cv-4595 (N.D. Ill.); *Herrera v. Raoul*, 23-cv-532 (N.D. Ill.); *NAGR v. Highland Park*, 22-cv-4774 (N.D. Ill.); *Miller v. Bonta*, 3:19-cv-1537 (S.D. Cal.); and *Capen v. Campbell*, 22-cv-11431 (D. Mass.).

**2.  Statement Two**

The State asserts that it is surprised and prejudiced because Mr. Passamaneck did not disclose that he relied on the State's prior stipulations in reaching his opinions. Mot. 6. But Mr. Passamaneck did *not* rely on the State's prior stipulations in arriving at his opinions, and his declaration does not state that he did. The State extracts a snippet from paragraph 9 out of context to suggest otherwise, but in full context, the declaration tells a different story. Mr. Passamaneck stated:

3

> 8. There 2020 NSSF Report states that as of 2018, there were at least 79 million LCMS in the United States.
>
> 9. Based on other data I have reviewed as set forth in the report I have submitted in this case, this is a very conservative estimate of the total number of LCMs in the United States, but there cannot be any doubt that as the State has previously stipulated, the number [of LCMs] is at least in the tens of millions and probably as many as 350 million."

Thus, Mr. Passamaneck specifically stated that his opinion was based on the "other data" that he reviewed and set forth in his report. He did mention the stipulations, but he did not say that he based his opinion on them. He merely noted that the stipulations are consistent with his opinions.

### 3.     Statement Three

Finally, the State asserts it is surprised and prejudiced by paragraph 8. Again, that paragraph states simply:

> 8. There 2020 NSSF Report states that as of 2018, there were at least 79 million LCMS in the United States.

This State's claim that paragraph 8 surprises it is again belied by Mr. Passamaneck's testimony. He testified as follows:

> Q.   So let's move on there and take a look at that next sentence, which I think is one of the sources. 'However, the 2018 NSSF magazine chart estimates 71 million handgun magazines and 11-plus rounds, 9.4 million rifle magazines from 11 to 29 rounds, 20 being the most common and 15 being the second most common, and *79 million rifle magazines of 30-plus rounds*' Is that right?
>
> A.   Yes.

Trans, 138:5-13 (emphasis added).

4

The State specifically pointed to Mr. Passamaneck's report where he states that the NSSF magazine chart "estimates … 79 million rifle magazines of 30-plus rounds." A magazine of 30-plus rounds is certainly an LCM as defined by the statute. Therefore, Mr. Passamaneck's statement in his declaration states the same thing as his report, and the State examined him about that statement. Once again, the State cannot possibly be surprised, much less prejudiced, by the fact that the NSSF Report reveals there are at least 79 million LCMs.[2]

### 4. Summary

In summary, the Stated pointed to three statements in Mr. Passamaneck's declaration that it asserts surprised and prejudiced it. But upon examination, the information in two of the statements (statements one and three) was disclosed in May 2023 and the State examined Mr. Passamaneck about that information at his deposition. As for the third statement (statement two), the statement does not say what the State asserts that it said. None of the information in the declaration was new. The State has known about all of it since May. Therefore, its assertion that it is surprised and prejudiced by the three statements is not accurate.

### B.   The State's Objections Go to the Weight of the Evidence

The State asserts that Mr. Passamaneck made a number of errors. Mot. 8-10. And rehearsing these alleged errors seems to be the real purpose of the motion. Plaintiffs do not concede that that the State is correct. But even if it is, attacks of

---

[2] The State quotes Mr. Passamaneck's testimony about certain *pistol* magazines. It is not clear why the State believes this testimony is relevant to his testimony about the rifle magazines upon which he based his opinion.

5

this nature go to the "credibility of the testimony, not the admissibility." *McCullon v. Parry*, 2021 WL 4947237, at *12 (D. Colo. June 23, 2021) (quotation omitted). *See also Tuft v. Indem. Ins. Co. of N. Am.*, 2021 WL 1041801, at *2 (D. Colo. Feb. 4, 2021) ("[D]oubts . . . concerning the sufficiency of factual basis to support [the expert's] opinion goes to its weight, and not to its admissibility.") (q*uoting Werth v. Makita Electric Works, Ltd.*, 950 F.2d 643, 654 (10th Cir. 1991).

This rule applies with even more force when the matter is before the Court. "Because this case will be tried to the Court, 'the usual concerns regarding unreliable expert testimony reaching a jury obviously do not arise.'" *Barnett v. Surefire Med., Inc.*, 2021 WL 1015983, at *3 (D. Colo. Mar. 16, 2021) (*quoting Atty. Gen. of Okla. v. Tyson Foods, Inc.*, 565 F.3d 769, 779-80 (10th Cir. 2009). Thus, a judge maintains greater leeway in admitting expert evidence, weighing its persuasive value upon presentation. *Id.*

## C.   There is Not Ground to Strike the Entire Deposition

As discussed above, there is no ground to strike any portion of Mr. Passamaneck's declaration. It is even more true that there is no ground for striking the entire declaration. The State objected to three statements made in four paragraphs (5, 6, 8 and 9) in the declaration. But it requests the Court to strike the entire declaration (Mot. 13), including the paragraphs to which it did not object. The State does not claim to be surprised or prejudiced by paragraphs 1-4 of the declaration. Therefore, it has not established any grounds for striking those paragraphs.

### D.     Conclusion

The State has not established any grounds for striking any of the paragraphs in the declaration. It has known of the information set forth in Mr. Passamaneck's declaration since May. Moreover, it has not even attempted to establish grounds to strike paragraphs 1-4. Therefore, Plaintiffs respectfully request the Court to deny Defendant's motion.

*/s/ Barry K. Arrington*
_____

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Voice:  (303) 205-7870
Email:  barry@arringtonpc.com

Shaun Pearman
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado  80033
Phone Number:  (303) 991-7600
Fax Number:  (303) 991-7601
E-mail:  shaun@pearmanlawfirm.com

*Attorneys for Plaintiffs*

### CERTIFICATE OF SERVICE

I hereby certify that on November 3, 2023, I electronically filed a true and correct copy of the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing via email to parties of record.

*/s/ Barry K. Arrington*
_____
Barry K. Arrington