# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF COLORADO

**Civil Action No. 22-cv-1866-GPG-SKC**

BENJAMIN GATES,
TRAVIS SWARTZ,
KARL HONEGGER, and
NATIONAL FOUNDATION FOR GUN RIGHTS, INC.,
        Plaintiffs,

v.

JARED S. POLIS, in his official capacity as Governor of the State of Colorado
        Defendant.

**MOTION FOR LEAVE TO FILE BRIEF OF *AMICI CURIAE* BY INTERNATIONAL LAW ENFORCEMENT TRAINERS AND EDUCATORS ASSOCIATION, COLORADO LAW ENFORCEMENT FIREARMS INSTRUCTORS ASSOCIATION, WESTERN STATES SHERIFFS ASSOCIATION, COLORADO COUNTY SHERIFFS JOHN FEYEN, GENE LILLARD, DAVE MARTIN, JASON MIKESELL, BRETT POWELL, TODD ROWELL, STEVE REAMS, AARON SHIPLETT, LOU VALLARIO, SAM ZORDEL, AND THE INDEPENDENCE INSTITUTE**

E. Gregory Wallace*
Professor of Law
Campbell University School of Law
225 Hillsborough Street
Raleigh, North Carolina 27603
(919) 696-3057
wallaceg@campbell.edu
  *Not admitted in this court

David B. Kopel
Independence Institute
727 E. 16th Ave.
Denver, Colorado 80203
(303) 279-6536
david@i2i.org
*Counsel for Amici Curiae*

Pursuant to this Court's order of Oct. 10, 2023, the International Law Enforcement Educators and Trainers Association, the Colorado Law Enforcement Firearms Instructors Association, the Western States Sheriffs Association, Sheriffs John Feyen (Larimer County), Gene Lillard (Montrose), Brett Powell (Logan), Todd Rowell (Mesa), Steve Reams (Weld), Aaron Shiplett (Baca), Lou Vallario (Garfield), Sam Zordel (Prowers), and the Independence Institute (collectively "Amici Curiae") respectfully request leave to file a brief providing law enforcement perspectives as amicus curie in support of Plaintiffs.

As grounds for this motion, Amici Curiae state as follows.

1. The International Law Enforcement Trainers and Educators Association (ILEETA) is comprised of 4,000 professional law enforcement instructors committed to reducing risk and saving lives of law enforcement officers and citizens through training enhancements for criminal justice practitioners. ILEETA members train law enforcement officers in the proper use of firearms, other use of force, and many other issues involving control and safety. ILEETA provides information and training through its annual conference, and through the *ILEETA Journal*, the quarterly *ILEETA Digest*, the *ILEETA E-Bulletin*, and the ILEETA Learning Lab. ILEETA's amicus briefs were cited by Justice Breyer in *District of Columbia v. Heller*, 554 U.S. 570, 700–01, 710 (2008) (Breyer, J., dissenting); by Justice Alito's

1

opinion for the Court in *McDonald v. Chicago*, 561 U.S. 742, 751 n.2 (2010); and by Justice Stevens in *McDonald. Id.* at 888 n.31, 903 (Stevens, J., dissenting).

2. The Colorado Law Enforcement Firearms Instructors Association (CLEFIA) is a non-profit founded in 1991. It is Colorado's professional association for instructors who train law enforcement officers in firearms use and tactics. CLEFIA also trains officers to become instructors. CLEFIA promotes professional standards and uniformity of firearms training in the law enforcement community. It facilitates the exchange of information among firearms training instructors through meetings, newsletters, training seminars, conferences, and other means. CLEFIA also provides a data bank and library for firearms training and firearms incidents.

3. Founded in 1993, the Western States Sheriffs' Association (WSSA) is comprised of more than 300 sheriffs and their command staff from 18 Western States, including Colorado. The Association advocates for the elected Office of Sheriff. In Colorado and most other states, the Sheriff is directly accountable to the people of the jurisdiction, through the ballot box. The WSSA focuses on issues of particular importance to western sheriffs and provides training in subject areas specific to sheriffs in the western United States. Grand County, Colorado, Sheriff Brett Schroetlin is immediate Past President of the WSSA.

4. John Feyen is the elected Sheriff of Larimer County, Gene Lillard of Montrose, Dave Martin of Morgan, Jason Mikesell of Teller, Brett Powell of Logan, Todd Rowell of Mesa, Steve Reams of Weld, Aaron Shiplett of Baca, Lou Vallario of Garfield, and Sam Zordel of Prowers.

The sheriffs represent the geographical diversity of Colorado, including rural counties and large urban ones. Based on their service in law enforcement and in law enforcement leadership, they have expertise in confronting and deterring armed criminals, and in advising law-abiding persons in their communities about personal protection.

The sheriffs are vitally concerned about the safety of all Coloradoans, including the deputies in their Sheriffs' Offices.

5. "It is the duty of the sheriffs, undersheriffs, and deputies to keep and preserve the peace in their respective counties." C.R.S. §30-10-516. As the brief will explain, the magazine prohibition impedes the sheriffs' ability to keep the peace. The ban substantially interferes with law-abiding persons' defense of self and others, and thereby endangers the peace.

6. The brief will also describe how the magazine ban's infringement of the right to arms harms the constitutional purpose of using arms "in aid of the civil power, when thereto legally summoned." Colo. Const., art. II, §13. This express purpose in

the Colorado Constitution is implicit in the federal Second Amendment and is infringed by the magazine ban. For example, the ban impedes citizens' ability to serve in the *posse comitatus* when summoned by a sheriff. The sheriffs' power to summon a *posse* is recognized by statute, has always been exercised in Colorado, and is exercised today by Colorado sheriffs. *Posses* are sometimes composed of trained volunteers, and are sometimes ad hoc, such as in an emergency. Service in any form of a *posse* is impeded by the ban.

7. Relatedly, sheriffs are the fire wardens of their respective counties, and are responsible for coordinating fire suppression in unincorporated areas. C.R.S. §30-10-512. During natural disasters, sheriffs may particularly need to be able to summon the assistance of armed citizens, as was done in the September 2013 floods.

8. Finally, the sheriffs (and their deputies on whose behalf they are speaking) suffer personal harm from the magazine ban. At the moment, they can acquire and keep standard magazines because they are "An employee of any of the following agencies who bears a firearm in the course of his or her official duties…" C.R.S. §18-12-302(3)(b). But as they retire from law enforcement, their magazines become contraband. The grandfathering provision for magazines only applies to magazines that were owned by the individual as of July 1, 2013. C.R.S. §18-12-302(2)(a)(I). Thus, retired law enforcement officers are forbidden to possess for self-defense the

4

very arms that they carried when protecting the public—which of course are the arms with which the retired officers will be most familiar and competent.

9. Founded in 1985 on the eternal truths of the Declaration of Independence, the Independence Institute is a 501(c)(3) public policy research organization in Denver, Colorado.

10. The Institute's Research Director, David Kopel, is also a Senior Fellow at the University of Wyoming College of Law, Firearms Research Center. Kopel's scholarship and amicus brief have been cited in seven U.S. Supreme Court opinions, most recently in *New York State Rifle and Pistol Assoc. v. Bruen*, 142 S.Ct. 2111, 2133 (2022) (citing *The "Sensitive Places" Doctrine: Locational Limits on the Right to Bear Arms*, 13 Charleston L. Rev. 205 (2018)).

Kopel has been cited in 92 opinions by lower courts, including three in the Tenth Circuit: *Bonidy v. United States Postal Service*, 790 F.3d 1121, 1130-31 (10th Cir. 2015) (Tymkovich, J., concurring & dissenting) (citing *Does the Second Amendment Protect Firearms Commerce?* 127 Harv. L. Rev. Forum 230 (2014)); *United States v. McCane*, 573 F.3d 1037, 1049 n.2 (10th Cir. 2009) (Tymkovich, J. concurring) (citing *The Second Amendment in the Tenth Circuit: Three Decades of (Mostly) Harmless Error*, 86 Denver U.L. Rev. 901 (2009)); *United States v. McElhiney*, 275 F.3d 928, 935 n.2 (10th Cir. 2001) (citing *The Self-Defense Cases: How the Supreme*

*Court Confronted a Hanging Judge in the Nineteenth Century*, 27 Am. J. Crim. L. 294 (2000)).

The Seventh Circuit commended Kopel's scholarship as showing the proper model of "originalist interpretive method as applied to the Second Amendment." *Ezell v. City of Chicago*, 651 F.3d 684, 702 n. 11 (7th Cir. 2011).

The Institute's Senior Fellow in Constitutional Studies, law professor Robert Natelson, has been cited in eleven Supreme Court opinions.

11. Defendants' reply brief in support of their Motion for Summary Judgement (Doc. 100) criticizes Plaintiffs for citing a 12,000 word blog post by Kopel regarding the history of the regulation of Bowie knives. *Id.* at 21–22. Amici wish to inform this Court that similar material is available in a law review article: David B. Kopel & Joseph G.S. Greenlee, *The History of Bans on Types of Arms Before 1900*, 50 J. of Legisl. (Notre Dame, forthcoming 2024), https://ssrn.com/abstract=4393197. That article has been cited in *Miller v. Bonta*, --- F.Supp.3d ----, 2023 WL 6929336 at *13 n.86, n.107 (S.D. Cal., Oct. 19, 2023) (ban on many firearms); *Duncan v. Bonta*, -- F.Supp.3d ----, 2023 WL 6180472, at *24 n.177, 32 *216 (S.D. Cal., Sept. 23, 2023) (ban on many magazines). Both opinions have been stayed by the Ninth Circuit.

12. Amici respectfully suggest that their experience and expertise may be of assistance to the Court in considering a case that involves how firearms and magazines are actually used for offense by criminals and for defense by the law-abiding, including by active and retired law enforcement officers.

For the above reasons, Amici Curiae respectfully ask this Court to grant their motion leave to file the attached amicus brief in support of Plaintiffs.

Dated Nov. 30, 2023.

                Respectfully submitted,

                By: *S/David B. Kopel*

                David B. Kopel, #15872

                *Attorney for Amici Curiae*

# CERTIFICATE OF SERVICE

I hereby certify that on November 30, 2023, I have served the foregoing pleading via the CM/ECF system for the United States District Court for the District of Colorado, which will be delivered by CM/ECF to the persons listed below.

/s/David B. Kopel

Barry K. Arrington
Arrington Law Firm
4195 Wadsworth Boulevard
Wheat Ridge Colorado 80033
(303) 205-7870
barry@arringtonpc.com

Shaun Pearman
Eric Paul Apjoke
The Pearman Law Firm, P.C.
4195 Wadsworth Boulevard
Wheat Ridge Colorado 80033
(303) 991-7600
Fax: (303) 991-7601
shaun@pearmanlawfirm.com
eric@pearmanlawfirm.com

LeeAnn Morrill, First Assistant Attorney General
Emily B. Buckley, Senior Assistant Attorney General
Peter G. Baumann, Assistant Attorney General
Daniel R. Magalotti, Assistant Attorney General Carr Fellow
Colorado Attorney General's Office
1300 Broadway, 6th Floor
Denver, Colorado 80203
(720) 508-6000
leeann.morrill@coag.gov
emily.buckley@coag.gov
peter.baumann@coag.gov
daniel.magalotti@coag.gov

Timothy C. Hester
Covington & Burling LLP
One CityCenter

850 Tenth Street, NW
Washington, DC 20001
(202) 662-6000
DWeltz@cov.com

Ryan James Fletcher
Merchant & Gould PC
1801 California Street
Suite 3300
Denver, CO 80202-2654
303-357-1670
Fax: 303-357-1671
Rfletcher@merchantgould.com

9